**Ulfrano GARCIA, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19455.**

United States Court of Appeals
Fifth Circuit.

March 29, 1963.

Rehearing Denied May 20, 1963.

---

Wellington Y. Chew, Joseph A. Calamia, El Paso, Tex., for appellant.

Frederick J. Morton, Asst. U. S. Atty., El Paso, Tex., Ernest Morgan, U. S. Atty., San Antonio, Tex., for appellee.

Before CAMERON, WISDOM and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

The appellant, Ulfrano Garcia, was tried by a jury and found guilty under an indictment charging him with one narcotics violation of 26 U.S.C.A. § 4744(a) (1). The substance of the charge was that Garcia as transferee failed to pay the required transfer tax on marihuana as provided by 26 U.S.C.A. § 4741(a). Being a third offender, Garcia was sentenced to a term of ten years imprisonment.[1] Notice of appeal was timely filed and this appeal is in forma pauperis.

The facts are relatively simple. On January 24, 1961, Garcia was seen emerging from the Red Star Bar in El Paso, Texas, by two federal customs agents, William F. Hughes and G. L. Latimer. Garcia got into a taxicab, but then got out of the cab and went back into the bar and came back carrying an overcoat. The cab then proceeded, and the two

1. 26 U.S.C.A. § 7237.

customs agents followed. Garcia was sitting on the passenger seat in the front of the cab. No one else was in the cab but the driver. While the cab was moving through the streets of El Paso, Garcia placed, what appeared to one of the agents to be, a cigarette in his mouth, but did not light it. At this time Agent Latimer turned on his siren to stop the cab. Agent Latimer testified that Garcia then turned around and spit the cigarette onto the floor of the cab. Garcia also made a quick motion toward the bottom of the cab as though he were putting something underneath the seat.

The cab was stopped by Agents Latimer and Hughes. A brown cigarette containing marihuana was found on the floor still wet with saliva. Two newspaper wrapped packages containing more than an ounce of marihuana were found under the seat where Garcia had been sitting. Garcia's pockets were later swept and these sweepings also contained marihuana. He had not paid the transfer tax due on the narcotics.

■ Garcia was indicted on April 4, 1961, and his trial commenced on October 24, 1961, nine months after the seizure. At the trial, the Government introduced, without objection, oral evidence of the arrest, search and seizure and all the circumstances surrounding the same. The evidence included the manner in which the arrest was made and the proof that the substance involved was marihuana. After all the Government testimony had been concluded, the marihuana was offered in evidence as an exhibit and for the first time, Garcia's attorney objected on the theory of illegal search and seizure in violation of the Fourth Amendment and moved to suppress the evidence.

No pre-trial motion to have the evidence returned to its rightful owner or to suppress was made. Rule 41(e) F.R. Crim.P. provides that a motion to suppress evidence "shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion;"

however, the court has discretion to entertain the motion at trial. Nine months passed between the seizure and the trial. There is nothing in the record nor in the brief of Garcia to show that opportunity did not exist for making the motion before trial; or that Garcia was unaware of the grounds for making the motion. We hold that he waived any right he might have had to assert that the evidence against him was obtained by illegal search and seizure.

In Segurola v. United States, 275 U.S. 106, 48 S.Ct. 77, 79, 72 L.Ed. 186 (1927), the defendant was convicted of unlawful transportation of intoxicating liquor and contended that the trial court erred in failing to sustain defendant's motion during the trial to suppress the use of the liquor as evidence. The Court said in disposing of that argument:

"The results of the search and seizure were shown by the testimony of the chief of police and of the other witnesses without any objection on behalf of the defendants; and thus was disclosed the fact that the defendants had been engaged in transporting a large amount of liquor in the Buick. No motion was made to strike that evidence out, and no evidence was introduced to contradict what was disclosed by the statements of the chief of police and other witnesses upon this point. The only objection made toward the close of the evidence for the Government was that, when it was proposed to introduce the liquor, it had not been properly identified, but there was ample evidence to show that it had. The motion made thereafter to suppress the liquor as evidence, on the ground that there had been an illegal search, did not include a motion to strike out the evidence of the witnesses as to what occurred when the car was stopped. The objection to the seizure was plainly an afterthought."

To the same effect is Belcher v. United States, 8 Cir., 1931, 50 F.2d 573, in which the Court said:

"Applying the principles of that case [Segurola v. United States] to the facts in this case, it is not perceived how any prejudice resulted to the appellant from the introduction in evidence of the can and its contents, over his objection to its alleged illegal seizure, when the uncontradicted testimony of the officer who seized the can, describing it and its contents, and given without objection, fully apprised the jury of all the facts that the introduction of the exhibits disclosed."

A situation somewhat similar to the instant case arose in United States v. Romero, 2 Cir., 1957, 249 F.2d 371. There the court held that in a prosecution for selling narcotics, a motion to suppress evidence not made until the second day of trial and three months after seizure of the evidence was untimely and a denial thereof was not an abuse of discretion. The same result was reached in the Second Circuit case of United States v. Di Donato, 2 Cir., 1962, 301 F.2d 383. This Court, in Rosen v. United States, 5 Cir., 1961, 293 F.2d 938, held that when no motion to suppress was made on behalf of defendant until after the Government had completed its testimony and rested its case, the motion is waived, in the absence of any showing of a lack of opportunity to present the motion; unawareness of grounds for such motion; or a showing of an abuse of discretion in not granting it. As we have said, there was no showing of any lack of opportunity or unawareness of grounds, and we find no abuse of discretion in denying the motion in the instant case.

■ Garcia raises the further point that the trial judge actually overruled the motion to suppress on its merits due to the following colloquy:

"MR. CHEW: Comes now the defendant and moves to suppress the evidence offered as exhibits, Government's Exhibit 1, for the reason that they violate the Constitutional guarantees of the defendant under the Fourth, Fifth, and Fourteenth Amendments, for the reason that it is an illegal arrest without a warrant, and an unreasonable search and seizure, and that there is no probable cause.

"THE COURT: What is your answer to that, that there is no probable cause?

"MR. McDONALD: Yes, Your Honor, the Government can establish probable cause.

"THE COURT: Motion is overruled, to which the defendant excepts."

It seems to us that if the Judge had wanted to rule on the motion on its merits, he would have allowed the Government to put on evidence of probable cause. Instead, when Government counsel stated that he could put on evidence of probable cause, the Judge summarily denied the motion. Nothing further was said or done about the motion. We conclude that no prejudicial error was committed and that the defendant waived the right to seek a suppression of this evidence.

■ We also find Garcia's other contentions to be without merit. He complains of certain evidence adduced by the Government as to how many cigarettes could be made from the marihuana, and how much money these cigarettes would bring when sold. Agent Latimer testified that 50 to 70 cigarettes could be made from the packages, which would sell for fifty cents to two dollars per cigarette. This evidence was in answer to evidence developed by Garcia's counsel. In cross-examining the Government's chemical witness, Garcia's attorney made much of the fact that only a small amount of marihuana was taken from Garcia, to-wit, $\frac{1}{437}$th of an ounce. Thereafter, the Government attempted to prove that other amounts taken from Garcia were not so small. In these circumstances, we conclude that no prejudicial error warranting a reversal of the conviction was committed.

■ Garcia further contends that his motion for acquittal should have been granted. The essential elements of the offense charged are possession of the

marihuana and failure to pay the tax thereon. Symons v. United States, 9 Cir., 1950, 178 F.2d 615. Possession of the marihuana cigarette was proved by direct, positive testimony of Agent Latimer which was corroborated. The fact that marihuana sweepings were found in Garcia's pocket was uncontradicted. There was abundant evidence from which the jury could have found that the newspaper wrapped packages were placed under the taxicab seat by Garcia. The fact that no transfer tax was paid thereon was also admitted. These elements having been established, we hold that the motion for acquittal was properly overruled.

■ Government counsel in his closing argument to the jury commented on the fact that certain of the evidence against Garcia was uncontradicted. Garcia interprets this to be a comment upon his failure to take the stand which is proscribed by Wilson v. United States, 149 U.S. 60, 13 S.Ct. 765, 37 L.Ed. 650 (1893). The rule relied upon by Garcia does not go to the extent of forbidding argument by counsel for the prosecution to the effect that the evidence against a defendant is uncontradicted or to the effect that defendant has failed to produce testimony on any phase of the defense upon which he relies. Smith v. United States, 5 Cir., 1956, 234 F.2d 385. This is especially true when the evidence against a defendant could be contradicted by someone other than himself. In this case, the testimony as to whether Garcia was holding a marihuana cigarette in his mouth or possessed the packages found under the seat could have been contradicted by the taxicab driver, who did not testify at the trial.[2] The statement by the prosecuting attorney did not make any direct or indirect comment upon Garcia's failure to take the stand. The remarks complained about fall short of such a comment.

■ Garcia finally complains that certain of the trial court's charge should not have been given; and that a charge requested by him should not have been refused. There was no objection to that phase of the court's charge, or refusal to charge, which forms the basis of the error specified here.[3] Under Rule 30 F.R. Crim.P. a failure to object to the giving, or a refusal to give a charge, results in a waiver of any objection on appeal. In all fairness to trial counsel, we have examined the charge given to the jury and find it to be adequate. The errors relied upon in this regard do not amount to plain error. Rule 52(b) F.R.Crim.P.

The record shows that Appellant Garcia was given a fair trial free of prejudicial error, and that he was ably represented by capable attorneys, both at the trial and on this appeal.

The judgment is

Affirmed.

---

2. Garcia's counsel placed great stress upon the fact that the government did not subpoena this witness.

3. The following is from appellant's brief: "At the outset, it must be conceded that trial counsel failed to submit requested instructions or to object to the instructions of the court, or rather, to the lack of further instructions as is provided for under Rule 30 of the Federal Rules of Criminal Procedure, but it is appellant's contention that the combined errors of the Court in this regard constituted plain error affecting substantial rights of the appellant under Rule 52(b), F.R.Crim.(sic) P."