Ronald RUIZ, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 8766.

United States Court of Appeals
Tenth Circuit.

Aug. 26, 1966.

Dale B. Dilts, Albuquerque, N. M., for appellant.

John A. Babington, Asst. U. S. Atty., Albuquerque, N. M. (John Quinn, U. S. Atty., Albuquerque, N. M., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellant Ruiz was convicted by a jury and sentenced for the violation of the

Marihuana Act.[1] The conviction was established upon two counts of possession of marihuana under Section 4744(a)[2] and two counts of transfer of marihuana under Section 4742(a)[3] of Title 26 of the United States Code.

The appeal complains: (1) that the government failed to make a prima facie case, because the payment of tax on the order form was not properly demanded; (2) that the voluntary admission of appellant that he had no order form was prejudicial because appellant was not informed of his constitutional rights before he made the voluntary admission; (3) interruptions during the testimony of defense psychiatrist and the removal of the jury from the courtroom on approximately four occasions denied the appellant an opportunity to fairly present his defense; and (4) that appellee's counsel, in closing argument, commented indirectly on the failure of the defendant to take the stand.

■ Points (1) and (2) refer to the sections of the Marihuana Act under which the convictions were obtained. Section 4742 sets forth general requirements and then contains a series of exceptions. Section 7491, Title 26 of the U.S.Code provides, "In the absence of the production of evidence by the defendant that he has complied with the provisions of * * * 4742 relating to order forms, he shall be presumed not to have complied with such provisions of such section * * *." The objection under Point (1) set forth in appellant's brief did not consider the above quoted section

and has little merit so far as the violation of Section 4742 is concerned.

■ Section 4744 contains a presumption of unlawful possession, which is established by a failure to produce an order form after demand. The prosecuting officials chose to obtain the benefit of that presumption. An agent of the government, immediately after the arrest, demanded that appellant produce the order form within eight days. The trial did not occur until months after the demand, but the appellant at no time produced the form. Therefore, the appellee was entitled to the benefit of the statutory presumption irrespective of appellant's voluntary admission. "The gist of the crimes charged in counts 1, 3 and 5, based upon Section 2591(a) [superceded by § 4742, U.S.C.A.1954] of the statute, is transferring marihuana not in pursuance of a written order of the transferee on the required form; the gist of the crimes charged in counts 2, 4 and 6 is non-payment by transferees of marihuana of the required tax. Section 2593 (a) [superceded by § 4744, U.S.C.A. 1954] relates to a means of proof, not to definition, of the crimes."[4]

Point (3) complains that appellant was denied a fair trial because the testimony of his psychiatric witness was interrupted by objections which were discussed outside the presence of the jury. The transcript shows that the only defense that was urged at the time of the trial was the defense of lack of mental competency.

■ The record discloses that each time an objection was made and the wit-

1. 26 U.S.C.A. §§ 4741–4762 (1955).

2. 26 U.S.C.A. § 4744(a) provides: "It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 4741(a) to acquire or otherwise obtain any marihuana without having paid such tax; and proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the Secretary or his delegate, to produce the order form required by section 4742 to be retained by him shall be presumptive evidence of guilt under this sec-

tion and of liability for the tax imposed by section 4741(a)."

3. 26 U.S.C.A. § 4742(a) provides: "It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 4751 to 4753, inclusive, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate."

4. Cratty v. United States, 82 U.S.App. D.C. 236, 163 F.2d 844, 849 (1947).

ness's testimony interrupted by a conference, the counsel for appellant either consented to or requested the conference. The record also discloses that the jury was removed from the room on approximately four occasions, with the concurrence of appellant's counsel or at his request, in order that unwarranted inferences would not prejudice appellant's case. At appellant's request, the court explained this procedure to the jury admonishing them of the rights of appellant. Appellant cannot now take advantage of the concurrences and requests made by his counsel which were made for the purpose of protecting his rights before the jury.

Point (4) complains that the District Attorney, in his closing argument, referred indirectly to the appellant's failure to take the stand. No objection was made at the trial to this particular argument, although other statements of counsel were challenged. A request was not made for an instruction relative to the failure of appellant to testify.

It is not forbidden that counsel argue that the evidence against the defendant is uncontroverted or that the appellant failed to produce testimony on any phase of defense upon which he relies. This is especially true when evidence against the defendant could be contradicted by someone other than himself.[5]

The basic defense was the lack of competency of the appellant. Testimony on this defense was given which was in conflict. Evidence of possession and transfer was not disputed. The testimony of the informer and the government agents was the only evidence offered. Relatives and associates of the appellant identified as present at the time of this transaction did not testify. Therefore, the District Attorney could call attention to the fact that evidence on this phase of the offense was uncontroverted.

Affirmed.

5. Garcia v. United States, 315 F.2d 133, 137 (5th Cir. 1963).