**Frederick PARKS, Petitioner-Appellant,**

**v.**

**Louie L. WAINWRIGHT, State of Florida, Respondent-Appellee.**

**No. 29359**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 6, 1970.

Rehearing Denied and Rehearing En Banc Denied Aug. 17, 1970.

Frederick Parks, pro se.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Arden M. Siegendorf, Asst. Atty. Gen., Miami, Fla., for appellee.

Before THORNBERRY, COLEMAN, and CLARK, Circuit Judges.

**PER CURIAM:**

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and notify the parties in writing.

This appeal is taken from the district court's denial of habeas corpus relief unto a prisoner of the State of Florida.

The facts and the applicable law are well stated in the memorandum order of the district court. The order not

having been published previously, we attach it as an appendix to this opinion.

Having found no error in the proceedings below, we affirm the judgment of the district court.

Affirmed.

### APPENDIX

United States District Court
Southern District of Florida

No. 69–318–Civ–CF

Frederick Parks,

Petitioner,

versus

Louie L. Wainwright,

Respondent.

### ORDER

■ The applicant, Frederick Parks, and six others were indicted for the crime of rape, convicted after trial by jury, and sentenced to life imprisonment. This conviction was subsequently affirmed. Parks v. State, 206 So.2d 431 (Fla. App. 3rd Dist. 1968). One issue is presented by this application; namely, whether certain remarks by the prosecutor in closing argument to the jury constitute comment upon the failure of Parks to take the stand and testify in his own behalf. No hearing is necessary as the record is clear and speaks for itself.

The statements in question, which appear at page 633 and 634 of the transcript, are as follows:

"MR. GOLD: I object to counsel telling the jury what the law is. I am sure Your Honor is going to instruct the jury.

THE COURT: Sustained in a way. However, counsel can comment on what he believes the Court will instruct.

MR. MASIN: That was my remark, Your Honor, what the Court will instruct.

The Court will instruct you that whoever aids, abets and et cetera is responsible the same as the perpetra-tor, as the principal. All participants are equally responsible. The fact Mr. Carr and the other defense attorneys have not seen fit to ask the witness Manning, who held her legs, if he knew, who pointed the gun, who held her throat at various times, does not make any of these defendants less responsible. If they thought they could show a mistake or an error on any individual identification, you know they would have brought it out from the witness stand.

The State has the burden of proving their guilt by competent evidence. We did this. We put the man on who went through this, the man who identified them. This is our burden, and it is up to the defense, if they can, to rebut that.

Mr. Carr will tell you, and it is the law—

MR. GOLD: If it please the Court, it is not the duty of the defense to rebut anything. I object to that remark.

THE COURT: Sustained.

MR. GOLD: I will move for a mistrial on those grounds.

THE COURT: Denied.

MR. MASIN: Mr. Carr, in all probability, if the other attorneys do not, will tell you, as you were told when you were selected, the defense does not have to prove anything. That is correct. They do not have to prove a thing, but if they could prove something in cross examining the—

MR. GOLD: I object.

MR. MASIN: [Continuing]—State's witness—"

It is obvious that these comments of the prosecutor were directed to the evidence as it existed before the jury and not to the failure of the defendant to explain or contradict what had been introduced. Particularly, it appears that the prosecutor was attempting to show that nothing had been adduced on cross-

**1242**

examination of the State's witnesses to contradict their testimony and that their testimony thus stood uncontradicted.

 Florida has reaffirmed the principle that it is not improper for the State to argue the character of the evidence. State v. Jones, 204 So.2d 515 (Fla. 1967). Quoting from Clinton v. State, 56 Fla. 57, 47 So. 389 (1908), the Court stated at page 517 that:

> "The pre-existing right of the state to argue the character of the evidence adduced by it has not been taken away by the statute permitting the accused to be a witness and forbidding the state to comment upon his failure to accept that privilege. The state still has the right to direct the attention of the jury to that portion * * * which is without conflict. Testimony may in a sense be contradicted in various ways, as by inherent improbability, by cross-examination, or by the demeanor of the testifier. So long as the state does not exercise its pre-existing right, so as to make it directly or covertly a comment upon the failure of the accused to voluntarily become a witness, the law is not violated."

and in Garcia v. United States, the Fifth Circuit Court of Appeals held that Government counsel's comment in closing argument that the evidence against the defendant was uncontradicted did not constitute comment upon the defendant's failure to take the stand. The Court went on to say that:

> "the rule relied upon by Garcia does not go to the extent of forbidding argument by counsel for the prosecution to the effect that the evidence against a defendant is uncontradicted or to the effect that the defendant has failed to produce testimony on any phase of the defense upon which he relies." 315 F.2d 133, 137 (5th Cir., 1965).

For the reasons above stated, it is

Ordered and adjudged that the application of Frederick Parks for the issu-ance of a Writ of Habeas Corpus be and the same is hereby denied.

Done and ordered at Miami, Florida, this 13 day of January, 1970.

CHARLES B. FULTON
Chief Judge

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.