## Jerry ELLIS *v.* STATE of Arkansas

CR 83-26                                                652 S.W.2d 35

Supreme Court of Arkansas
Opinion delivered June 13, 1983

*Marion A. Humphrey,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. The only question before us is whether there is substantial evidence to support Jerry Ellis' convictions for kidnapping and aggravated robbery. We find that there is and affirm the judgment.

We view the evidence in the light most favorable to the State. Late Saturday night, November 21, 1981, Harold Austin left a nightclub in Pine Bluff and was walking along

a highway. A white Pontiac with two men and a woman stopped and insisted Austin get in the car. Austin rode in the back seat with a man he later identified as Jerry Ellis, the appellant. Austin testified that he tried to get out of the car several times but that his abductors refused to let him and at one point the man in the front seat produced what Austin described as a sawed-off shotgun.

They went to a gas station in Little Rock where Austin's abductors ordered him to charge gasoline, three quarts of oil, and an air filter on his VISA credit card. Austin was then taken to an isolated area in south Little Rock. Austin was let out of the car and the man in the front seat, later identified as Larry Wright, ordered Austin to lie face down on the road and, with a gun to his head, Austin was robbed of his money and credit cards. His abductors told him to get up and run, which he did.

On November 23, 1981, Ellis and two other men were arrested at Dillard's Department Store in Little Rock after trying to make purchases with Austin's VISA. They were in possession of a white Pontiac which was searched. The search produced three quarts of oil, a .22 caliber rifle and some items taken from a Holiday Inn.

Ellis gave the police a statement which said that he saw Austin hitchhiking and that he accepted the offer of a ride and that Austin told them he wanted to go to Little Rock. Ellis said that at the time there was a .22 caliber rifle hidden in the front of the car which did not belong to him. Ellis said that later Austin was ordered out of the car at an isolated spot and robbed.

At Ellis' trial, testimony established that Ellis had checked into a Pine Bluff Holiday Inn on November 22nd, using Harold Austin's VISA. The jury convicted Ellis on both counts and sentenced him to five years for kidnapping and thirty years for aggravated robbery. The sentences were set to be served consecutively.

On appeal Ellis argues that there was no evidence presented at trial that Austin was forced to get in the car at

gunpoint. It is not necessary that a victim be captured or held at gunpoint for the offense of kidnapping to be established under Ark. Stat. Ann. § 41-1702 (Repl. 1977). To prove kidnapping the State must only prove that the accused restrained the victim so as to interfere substantially with the victim's liberty, without the victim's consent, for a specific purpose outlined by the statute. Austin testified that he entered the car involuntarily and was restrained from leaving it.

Austin testified that after being forced into the car and being shown a weapon he was ordered to buy gas. He testified that he was taken to a rural area, forced at gunpoint to lie face down, and while Wright was holding a gun and Ellis was sitting on his leg, he was robbed. Ellis also admitted that Austin had been robbed, although he claimed that he had nothing to do with it.

On appeal we review the evidence in a light most favorable to the appellee and if there is substantial evidence to support the conviction we will affirm. *Fountain* v. *State,* 273 Ark. 457, 620 S.W.2d 936 (1981). Evidence is substantial if it is of sufficient force and character to compel a conclusion of reasonable and material certainty. *Jones* v. *State,* 269 Ark. 119, 598 S.W.2d 748 (1980). In this case the jury had the choice of believing either Ellis or Austin as to the circumstances surrounding Austin's presence in the car. The jury obviously believed Austin and we are bound by their judgment as to the credibility of the witnesses. *Jones* v. *State, supra; Kitchen* v. *State,* 271 Ark. 1, 607 S.W.2d 345 (1980). We find manifest substantial evidence to support Ellis' convictions.

Ellis' final argument on appeal, that his motion for a directed verdict should have been granted, also questions the sufficiency of the evidence which we have answered.

Affirmed.