Eddie Lee JONES *v.* STATE of Arkansas

CR 86-58                                    717 S.W.2d 200

Supreme Court of Arkansas
Opinion delivered October 13, 1986

*Val P. Price*, for appellee.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. A Craighead County jury convicted appellant of the offenses of rape, kidnapping, and theft of property. He was sentenced to consecutive terms of life, life, and 10 years, respectively, in the Arkansas Department of Correction. He argues seven points for reversal. We find that none of the assignments of error were prejudicial to the appellant, and accordingly affirm.

On August 5, 1985, the appellant was charged with a rape that occurred the day before. He was also charged on August 8, 1985, with a rape, kidnapping, and theft of property which occurred on July 24, 1985. Before trial the appellant was notified that he would be tried on all charges at the same time. However, on the day of the trial, October 9, 1985, the prosecutor informed the appellant that he would not be tried that same day for the rape which occurred on August 4, 1985.

During the course of the trial, the victim testified that at about 11:00 p.m. on July 24, 1985, she stopped at a service station to purchase gasoline. She stated that as she was about to leave the station, the appellant jerked her car door open and jumped into her car. She testified that he then placed a knife to her throat and forced her to drive to a county gravel road, where he repeatedly raped her. During the drive the appellant sat in the back seat with his arm around the victim's neck while holding the knife to her throat. She described the rapes in detail. Her testimony was that after he raped her he gagged her with the shirt he was wearing and tied her to a tree in the woods. He then fled in the victim's 1976 Ford Mustang.

At trial the victim identified the appellant and the shirt he had used to gag her. Another witness stated that the appellant, who was not wearing a shirt at the time, came to his house at about 1:30 a.m. on July 25, 1985, and persuaded the witness to help him get a white Mustang out of a ditch.

The victim was examined by a doctor in the emergency room of the hospital about 2:30 a.m. on July 25, 1985. He took a specimen in a rape kit and sent it to the crime lab. During the examination, the victim related to the doctor the same events she testified to at trial. The findings of the tests were superficial scratches on her throat and wrists and fluid in the vagina. One of the investigating officers testified that the victim had rope burns

on her arm.

The day after the rape the officers located the tree to which the victim had been tied. They also found the place where the Mustang had been stuck in the ditch. A knife was found near where the appellant had been taken into custody. This knife was identified by the victim at trial as being like the one used by her attacker.

■ The appellant argues that the evidence was insufficient to support the convictions. From the facts already stated, we have no hesitancy in declaring that the record clearly reflects substantial evidence to support all three convictions.

■ It is also argued that the trial court erred in allowing the state to proceed at trial with only one of the two alleged criminal episodes. We fail to understand the appellant's argument and it is clear that no prejudice resulted from this action.

The third argument is that the lower court erred in denying the appellant's motion for a directed verdict at the close of the state's case and again at the close of all the evidence. This is but another way of arguing that there is insufficient evidence to sustain the conviction. As this point has previously been addressed, no further discussion is necessary.

■ The appellant also argues that the trial court erred in overruling his objection to the giving of AMCI 5004. He argues that as there was no proof of the value of the victim's vehicle, the instruction given to the jury that theft of property is a class C felony was erroneous. The evidence does not support this argument. The owner of the car testified that her parents paid $1500.00 for the vehicle in 1984. We have previously held that testimony of the purchase price of property may be shown to assist the jury in determining market value, if the purchase date is not too remote in time and the purchase price bears a reasonable relation to the present value. *Tillman* v. *State*, 271 Ark. 552, 609 S.W.2d 340 (1980). Therefore, we conclude that the trial court did not err as there was a reasonable relation between the purchase price and the value of the car at the time it was stolen.

The fifth and sixth points for reversal will be combined for discussion. The appellant asserts the court erred in giving AMCI 1702, kidnapping, because rape is a lesser included offense in this

case. He also objected to the court giving AMCI 1803, rape, because kidnapping is a lesser included offense of rape under the circumstances of the present case. Apparently this argument is that as there was but one criminal act, he could be found guilty of either kidnapping or rape, but not both.

■ The facts clearly show that the victim was forced to drive to the country where she was repeatedly raped. Although she was not seriously injured physically, her life was threatened several times. After the rape the victim was tied to a tree. There could hardly be a more clear case of the separate crimes of rape and kidnapping. See *Beed* v. *State*, 271 Ark. 256, 609 S.W.2d 898 (1980).

■ Lastly, it is argued that the court erred by sustaining the state's objection to appellant's sister's testimony attempting to describe how the shirt, which was used to gag the victim, fit the appellant. At trial the appellant put on the shirt for the purpose of demonstrating to the jury how poorly it fit. His sister was attempting to describe how the shirt fit the appellant for the jury and/or the record when the state's objection was sustained. We believe this was a matter for the discretion of the court, and the exercise of this discretion will not be reversed in the absence of gross abuse. See, e.g., *Price* v. *State*, 268 Ark. 535, 597 S.W.2d 984 (1980). It was up to the jury to see for itself how the shirt fit and this testimony would probably have been of little assistance to the jury.

We have reviewed all errors which might have been prejudicial to the appellant and find that he has not been prejudiced by any ruling of the trial court. See Ark. Stat. Ann. § 43-2725 (Repl. 1977) and Arkansas Supreme Court Rule 11(f).

Affirmed.