Kenneth L. LEWIS and Karl D. Lewis *v.* STATE of Arkansas

CR 87-204                                       749 S.W.2d 672

Supreme Court of Arkansas
Opinion delivered May 16, 1988

*William R. Simpson, Jr.*, Public Defender, *Thomas B. Devine III*, Deputy Public Defender, by: *Thomas B. Devine III*, Deputy Public Defender, for appellants.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellants Kenneth L. Lewis and Karl D. Lewis were convicted of rape and aggravated robbery. In addition, Karl Lewis was convicted of kidnapping and Kenneth Lewis had his probated sentence revoked. On appeal, appellants argue that (1) there was insufficient evidence to support the convictions; (2) the probated sentence of Kenneth L. Lewis was improperly revoked; and (3) the aggravated robbery and kidnapping charges should be dismissed because the prosecutor unlawfully added those charges in response to their request for a jury trial. We find no merit to any of appellants' arguments, and accordingly affirm.

The prosecutrix testified that in the early morning hours of December 22, 1985, she was walking down a street in North Little Rock when two men — one she later identified as Karl Lewis — got out of a car that had been following her. She went to the nearest house and rang the doorbell, but no one answered. Karl approached her, grabbed her by the arm and forced her into

the car. She attempted to exit the car several times, but Karl kept locking the door. The men then drove to an apartment where others, including Kenneth Lewis, were present. At the apartment, one of the men took her to a bedroom and made sexual advances. She resisted, but he forced himself on her and had intercourse. During this act, other individuals came into the room, two of whom she identified as Kenneth and Karl. After the first individual finished having intercourse with the prosecutrix, others, including Kenneth and Karl, proceeded in turn to do the same while one of them held her arms. After this incident was over, she was taken to another room where she requested that they let her go. Instead, she was taken back to the bedroom where she was again forced to have intercourse with numerous individuals. After this second incident, Kenneth pulled out a large knife and said that "they might have to kill her because they wouldn't want her to tell the police or anything like that." They then went through her personal belongings, took $10 from her purse and took her watch — which was kept by Karl. Afterwards, she was taken to a gravel lot where she was released.

We view the evidence in the light most favorable to the state and affirm if there is substantial evidence to support the conviction. *Ellis* v. *State*, 279 Ark. 430, 652 S.W.2d 35 (1983). Substantial evidence is that which is forceful enough to compel a conclusion one way or another. *Williams* v. *State*, 281 Ark. 387, 663 S.W.2d 928 (1984).

## 1. Sufficiency of the evidence

Kenneth Lewis argues there is insufficient evidence to support his conviction of rape for two reasons: (1) the serologist excluded him from the group that had intercourse with the victim because an element of his blood type was not present; (2) witnesses testified that Kenneth was with them in another part of town when the alleged rape was taking place.

Under Ark. Code Ann. § 5-14-103 (1987), a person commits rape if he engages in sexual intercourse with another person by forcible compulsion. Sexual intercourse is defined by the code as the "penetration, however slight, of a vagina by a penis." For several reasons, we find substantial evidence to support a charge of rape. First, the medical examination conducted after the night in question revealed evidence of forced

intercourse. Kenneth was positively identified as one of the perpetrators by the prosecutrix — first from a photo spread and later in court. At trial, she testified unequivocally that Kenneth was among the group who had vaginal intercourse with her. We have consistently held that the requirement of substantial evidence is satisfied by the rape victim's testimony. *Houston* v. *State*, 293 Ark. 492, 739 S.W.2d 154 (1987). Second, even though the serologist excluded Kenneth from the group because an element of his blood was not present, it was acknowledged that the test is not conclusive if ejaculation did not take place. In any event, the jury is not required to accept expert testimony as conclusive, nor is it required to give expert testimony any more weight than it would give other witness testimony. *Gruzen* v. *State*, 267 Ark. 380, 591 S.W.2d 342 (1979); *Mutual Benefit Health & Accident Ass'n* v. *Moore*, 196 Ark. 667, 119 S.W.2d 499 (1938). Third, even though Kenneth had alibi witnesses, the jury obviously chose not to believe them. It is the jury's province to judge the credibility of witnesses, and we will not disturb their judgment. *Ellis* v. *State*, 279 Ark. 430, 652 S.W.2d 35 (1983); *Riddick* v. *State*, 271 Ark. 203, 607 S.W.2d 671 (1980).

■ Regarding Karl's conviction on charges of kidnapping, Ark. Code Ann. § 5-11-102 (1987), provides that the crime of kidnapping is complete upon a showing that the appellant restrained the victim without her consent so as to substantially interfere with her liberty with the purpose of engaging in other specified criminal activity — here theft or rape. Clearly, there is substantial evidence to support such a charge. The prosecutrix testified that Karl grabbed her by the arm and put her into the car. She tried to get out, but Karl kept locking the door. She was then taken to an apartment where she was raped once by Karl, and twice by the others. Then, the victim's money and watch were taken. The record clearly reflects that the prosecutrix gave no consent to being placed and locked in these men's car and the evidence further shows that there was much more interference with her liberty than the minimal restraint which normally accompanies the crime of rape. *See Jones* v. *State*, 290 Ark. 113, 717 S.W.2d 200 (1986); *Beed* v. *State*, 271 Ark. 526, 609 S.W.2d 898 (1980).

■ Both Kenneth and Karl contend that there was insufficient evidence to support their convictions on charges of aggra-

vated robbery, arguing there was no evidence that they were armed with a deadly weapon in the course of a robbery. Under Ark. Code Ann. § 5-12-103(a)(1) (1987), a person commits aggravated robbery if he commits robbery and is armed with a deadly weapon, or represents by word or conduct that he is so armed. A person commits robbery if, with the purpose of committing a theft, he employs or threatens to immediately employ physical force upon another. Ark. Code Ann. § 5-12-102 (1987). The prosecutrix testified that immediately after the second rape, Kenneth pulled a knife and threatened her with death. Contemporaneously with or immediately after the threat, the men pilfered her purse. Karl took her watch.

■ We have held that substantial evidence existed to sustain a conviction for aggravated robbery when the defendant pulled a gun on the victim, threatened her several times, but before actually taking her property, he told her he would not kill her. *Beed*, 271 Ark. 526, 609 S.W.2d 898. In *Beed*, we concluded that there was an immediate threat of death or serious harm to the victim, notwithstanding the defendant's assurances to the contrary. Here, we hold there was substantial evidence to support a finding that the prosecutrix was faced with an immediate threat of death or harm if she refused to surrender her watch and money.

## 2. Sentence revocation

■ Regarding Kenneth's revocation, the court may revoke a probated sentence if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with the conditions of his or her probation. We affirm unless the court's order was clearly against the preponderance of the evidence. *Standridge v. State*, 290 Ark. 150, 717 S.W.2d 795 (1986). We need only point out that there was sufficient evidence to convict Kenneth of several felonies, a clear violation of the "no crimes" condition of his probated sentence. Accordingly, the court's order revoking Kenneth's probation must be affirmed.

## 3. Prosecutorial misconduct

For appellants' last point of error, the argument is made that the kidnapping and aggravating robbery charges should be dismissed for prosecutorial vindictiveness because the prosecutor only added these charges as punishment for their decision to

proceed to trial. In January of 1986, Kenneth was charged with rape, and in September of that same year, the information was amended to include Karl on that same charge. The prosecutor again amended the information in both January and February of 1987, in order to include a kidnapping charge against Karl Lewis and aggravated robbery charges against both appellants. The prosecutor had previously informed the appellants, during a pretrial hearing at which they requested a continuance, that he would join in their continuance request and would add the aggravated robbery charges against them. Appellants seem to argue that because the prosecutor filed the additional charges after they requested a continuance and trial, the prosecutor's actions show the new charges were the result of his vindictiveness.

In *United States* v. *Goodwin*, 457 U.S. 368 (1982), the Supreme Court held that a prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution and that an initial decision should not freeze his future conduct. Although the Court held that a presumption of vindictiveness is not warranted in cases where additional charges are added after a defendant requests a jury trial, the Court did note that the defendant may prove by objective evidence that the additional charges were not in the public interest and were retaliatory in nature. Here, appellants have made bald assertions of prosecutorial vindictiveness, and have not supported their assertions with objective evidence.

Because we find no error, we affirm.