Larry ASHLEY *v.* STATE of Arkansas

CR 92-270                                     840 S.W.2d 793

Supreme Court of Arkansas
Opinion delivered October 12, 1992

*William C. McArthur*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y

Gen., for appellee.

ROBERT H. DUDLEY, Justice. Larry Ashley, the appellant, notified the Little Rock police that his wife, Debbie Ashley, had left Little Rock on Friday, April 5, 1991, for a weekend trip to Atlanta, Georgia, but had not returned home by Sunday evening as she should have, and he was worried about her. On Wednesday, April 10, 1991, a policeman discovered Debbie Ashley's car parked in the long term parking area of the Little Rock airport. He noticed a dried substance, reddish-brown in color, that looked like blood, splattered around the trunk, with hair matted into it. He called the detective unit. They opened the trunk and found Debbie Ashley's body inside. She had been shot once in the mouth and once in the abdominal area and had died days earlier as a result of the bullet wounds.

Appellant admitted to purchasing the gun used to kill his wife and admitted to firing the shots that killed his wife. However, he contended that the shooting was an accident, and that, after the accident occurred, he panicked and put her body in the car trunk, took it to the airport, and concocted the coverup story about the weekend trip to Atlanta. He was charged with capital murder. The jury found him guilty of the charge and sentenced him to life imprisonment without parole. We affirm the judgment of conviction.

Appellant's initial point of appeal is that the trial court erred in refusing to grant his motion to dismiss the charge because the capital murder statute fails to adequately narrow the category of death cases and distinguish that category from non-death cases. We do not reach the issue. Appellant does not have standing to question the constitutionality of the statute setting out the grounds for the death penalty since he did not receive that penalty. *Weaver* v. *State*, 305 Ark. 180, 806 S.W.2d 615 (1991).

Appellant next argues that the trial court erred in refusing to grant a mistrial when one of the State's witnesses volunteered her opinion about an issue. The facts that form the predicate for the argument are that one of the State's witnesses, Debbie Osteen, appellant's supervisor at work, testified that on Tuesday, April 8, appellant told her his wife was still missing from her trip to Atlanta. She testified that she asked appellant various questions about his missing wife, such as, "Did she call her sister when she

arrived in Atlanta?" Shortly afterwards, the witness said, "At the time I wasn't sure whether he was telling me the truth. That's why I was questioning him like that." The statement was volunteered; it was not in response to a question. Immediately after the statement was made appellant moved for a mistrial. The trial court denied the motion, but gave a curative instruction to the jurors that they were to disregard the statement. Appellant assigns the ruling as error.

A mistrial is an extreme and drastic remedy that should only be used if there has been an error so prejudicial that justice could not be served by continuing the trial. *Miller* v. *State*, 309 Ark. 117, 827 S.W.2d 149 (1992). A trial judge is given wide latitude in the decision to grant or deny a request for a mistrial, and his decision will only be reversed for an abuse of that discretion. *Davasher* v. *State*, 308 Ark. 154, 823 S.W.2d 863 (1992). In addition, a mistrial should only be declared if any possible prejudice cannot be removed with an admonition to the jury. *Wheat* v. *State*, 295 Ark. 178, 747 S.W.2d 112 (1988).

The trial judge did not abuse his wide discretion by denying the motion and giving the curative instruction under these facts. This is true especially in light of the fact that the jurors would soon learn from the appellant's own testimony that he was indeed not telling the witness the truth about his wife being missing on a trip to Atlanta.

Appellant next argues that the trial court erred by refusing to grant a mistrial after the prosecutor supposedly asked an unfairly prejudicial question. The argument is without merit. The prosecutor asked a member of the police department's crime scene search unit: "Mr. Holloway, were you called in by the detectives with the Little Rock Police Department to do a crime scene search at the crime scene of the Debbie Ashley murder located at—" At this moment defense counsel moved for a mistrial. The trial court correctly refused to grant the motion. At this juncture of the trial the testimony showed that detectives had opened the trunk of a car and had found the bloody corpse of Debbie Ashley. The witness, who was a member of the crime scene search unit, was asked if he had been called to conduct a crime scene search of the Debbie Ashley murder. The officer was, in fact, called to examine the crime scene, and Debbie Ashley

appeared to have been murdered. The question did not mention appellant. It was not an attempt by the prosecutor to convey some unfair message to the jurors about appellant. The trial court did not abuse its wide discretion by denying the motion for a mistrial.

Appellant next argues that the trial court erred in refusing to grant yet another motion for a mistrial. During the State's opening statement the prosecuting attorney outlined, among other things, the testimony of two of the State's witnesses. Appellant moved for a mistrial because of the outline of the testimony of these two witnesses. The trial court ruled that the opening statement could not be prejudicial if the outlined testimony proved to be admissible, but if the outlined testimony proved to be inadmissible, appellant could later renew his motion. The testimony was later admitted without objection. Obviously, appellant was not entitled to a mistrial on the basis of the prosecutor's opening statement outlining the testimony of two witnesses whose testimony was later admitted without objection.

Appellant makes three assignments of error involving the admission of evidence. In the first of these evidentiary arguments he contends the trial court erred in allowing into evidence the hearsay testimony of witnesses Sandra Skinner and Diane Clancy. We summarily dispense with this argument because the trial court sustained the only evidentiary objection made by appellant during the testimony of these two witnesses.

The second of the evidentiary arguments involves a photograph of the victim's body in the trunk of the car, State's Exhibit 10. As we have said a number of times, the decision to admit photographs lies within the sound discretion of the trial judge and will not be set aside absent an abuse of that discretion. *Porter* v. *State*, 308 Ark. 137, 822 S.W.2d 846 (1992). Even inflammatory photographs can be admitted if they shed some light on any issue or are useful to the jury. *Owens* v. *State*, 300 Ark. 73, 83, 777 S.W.2d 205, 210 (1989). The trial judge allowed State's Exhibit 10 into evidence only after appellant questioned whether the jacket shown in another picture was the same jacket found on the victim. The trial judge allowed Exhibit 10 into evidence to show that the two exhibits were pictures of the same jacket. Thus, the trial court did not abuse its discretion in allowing the exhibit into evidence.

■ The third of the evidentiary arguments involves another photograph, State's Exhibit 20, which is a picture of the victim's open mouth taken during the autopsy. The picture showed the presence of gunpowder on the corner of Debbie Ashley's mouth and established the close proximity of the gun to her mouth at the time she was shot in the mouth. The proof went to the issue of premeditation and deliberation by supporting the theory that the victim had been shot with the muzzle of the pistol inside her mouth. Clearly, the trial court did not err in allowing this photograph into evidence.

The sentence imposed in this case is life without parole, and under Rule 11 (f) of the Rules of the Supreme Court and Court of Appeals, an examination has been made of all objections decided adversely to appellant. None requires reversal of this case.

Affirmed.

HOLT, C.J., and BROWN, J., not participating.