Barry AARON *v.* STATE of Arkansas

CR 92-356                                   846 S.W.2d 655

Supreme Court of Arkansas
Opinion delivered February 8, 1993

*James E. Davis*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant was convicted of kidnapping and rape and sentenced to respective terms of forty years and life imprisonment to be served consecutively. He raises four points for reversal and one has merit. We consider that point first.

Appellant argues the trial court erred by overruling appellant's objections to five separate comments made by the prosecutor during closing argument that appellant submits referred to his having failed to testify. The trial court also denied appellant's request for mistrial after the prosecutor's argument. The text of

the prosecutor's reported comments is as follows:

> Ladies and gentlemen, there's not been one word of testimony that this young lady ever agreed or consented to have sex with that defendant.
>
>           ***
>
> There's no doubt and no, and no dispute from the testimony and the evidence that Karol Whitecotton never consented to sexual intercourse with this defendant.
>
>           ***
>
> Karol Whitecotton testified to it and there's been no evidence to refute what she said sexual intercourse occurred.
>
>           ***
>
> There's no dispute that he had sexual intercourse.
>
>           ***
>
> You heard Karol Whitecotton's testimony again that the defendant told her if she didn't cooperate that he'd have to kill her. There's been no testimony to rebut that or no testimony inconsistent with that.
>
>           ***

█ The law is settled that a direct comment by the government on a defendant's failure to testify violates the fifth amendment privilege against self-incrimination. *Griffin* v. *California*, 380 U.S. 609 (1965). However, in *Adams* v. *State*, 263 Ark. 536, 566 S.W.2d 387 (1978), this court reviewed past cases and recognized its difficulty in determining the extent and latitude a prosecuting attorney is permitted in arguing to the jury the posture of the state's case or in summarizing the evidence when a defendant has failed to take the witness stand. Speaking to this point, the *Adams* court said as follows:

> We do not consider the statement "There has been absolutely no testimony to contradict that" as a prejudicial comment upon appellant-defendant's failure to testify, inasmuch as counsel for appellant-defendant, indeed, was

afforded the opportunity to cross-examine all of the state's witnesses for the purpose of developing any inconsistencies or contradictions. Therefore, if counsel for appellant-defendant discovered no contradictions in the state's case, indeed, the prosecuting attorney had every right to call the jury's attention that there existed no contradictions in the state's case. We cannot visualize any valid objection to a remark of this nature when it cannot be construed as calculated to call a jury's attention to the fact that a defendant has failed to take the witness stand.

After the foregoing discussion, the court reversed the trial court's ruling denying a mistrial. It then concluded that the prosecutor's comments before it, namely, "To convict him (the defendant) you don't have to disbelieve any part of their case, because what did the defense, how many witnesses did the defense put on for your consideration?" can·be characterized only as calling to the jury's attention that Adams had not taken the witness stand to testify.

The court's decision in *Bailey* v. *State*, 287 Ark. 183, 697 S.W.2d 110 (1985), relied heavily on the *Adams* holding when it found Bailey's fifth amendment privilege had been violated by the prosecutor's remarks. There, the prosecuting witness testified Bailey took her to his motel room, bound her and raped her several times over a twenty-four-hour period. Two other women testified they saw Bailey and the prosecuting witness near the motel. One said that Bailey and the alleged victim were arm-in-arm and the other said that nothing out of the ordinary occurred. In his closing argument, the prosecutor said, "The only thing that we've heard here today about which (sic) occurred in that room is from [the prosecuting witness]. She's the only person. These two ladies that were called, they weren't in that room." In reversing and holding these remarks by the prosecutor were grounds for a mistrial, the *Bailey* court reasoned that, by saying, "The only thing that we've heard today about what happened in that room is from the prosecuting witness," he must have been referring to Bailey's failure to testify. No evidence showed the other women had been in the room.

In deciding as we have in *Adams* and *Bailey*, the court has adopted a test like the one definitively set out and followed by

the 7th Circuit Court of Appeals in *Freeman* v. *Lane*, 962 F.2d 1252 (7th Cir. 1992), which states the rule as follows:

> Our cases have recognized that a prosecutor may not comment concerning the uncontradicted nature of the evidence when "it is highly unlikely that anyone other than the defendant could rebut the evidence." *United States* v. *DiCaro*, 852 F.2d 259, 263 (7th Cir. 1988). In this situation "when a prosecutor refers to testimony as uncontradicted where the defendant has elected not to testify *and* when he is the only person able to dispute the testimony, such reference necessarily focuses the jury's attention on the defendant's failure to testify and constitutes error." *United States* v. *Buege*, 578 F.2d 187, 188 (7th Cir.), *cert. denied*, 439 U.S. 871, 99 S.Ct. 203, 58 L.Ed.2d 183 (1978). (Emphasis added.) (A similar rule has been adopted in the First, Fifth and Tenth Circuits; *see Ruiz* v. *United States*, 365 F.2d 103 (10th Cir. 1966); *Desmond* v. *United States*, 345 F.2d 225 (1st Cir. 1965); *Garcia* v. *United States*, 315 F.2d 133 (5th Cir. 1963), *cert. denied*, 375 U.S. 855 (1963); *see also* Note, *Criminal Procedure — Veiled Reference to Failure of Defendant to Testify Constitutes Reversible Error*, 8 UALR L.J. 747 (1985)).

In the present case, the appellant and his victim were alone in his truck when he purportedly raped her. Thus, the prosecutor's comments that there is no evidence that the victim ever consented to have sex with the appellant necessarily focused on and called the jury's attention to appellant's failure to testify because it was highly unlikely that anyone other than appellant could refute such evidence. The same can also be said regarding the prosector's remark that no testimony was offered to rebut the prosecutrix's testimony that if she did not cooperate, appellant would kill her. Accordingly, we reverse on this point.

The second issue argued by appellant is the trial court should have granted a mistrial when the prosecutor in his closing argument said, "The victim was telling the truth." Appellant's counsel objected to this remark, and the trial court sustained the objection. The trial court further instructed the jury that it was the province of the jury to determine the facts. Despite the trial court's ruling and admonishment, appellant asked for a

mistrial which was promptly denied. We have held that a mistrial will only be declared if any possible prejudice cannot be removed with an admonition to the jury. *Ashley* v. *State*, 310 Ark. 575, 840 S.W.2d 793 (1992). We hold the trial court's admonition was sufficient and the trial court did not abuse its discretion in denying appellant's motion.

In his third argument, appellant urges the trial court erred in submitting the kidnapping charge to the jury because the evidence or restraint needed for kidnapping did not exceed that normally associated with rape. Under the facts of this case, a person commits the offense of kidnapping if, without consent, he restrains another person so as to interfere substantially with his liberty with the purpose of: inflicting physical injury upon him, or of engaging in sexual intercourse, deviate sexual activity, or sexual conduct with him. Ark. Code Ann. § 5-11-102(a)(4) (1987). The court has stated that only when the restraint exceeds that normally incidental to the crime that the rapist should be also subject to prosecution for kidnapping. The purpose of the restraint may be inferred from circumstantial evidence. *Fairchild* v. *State*, 305 Ark. 406, 808 S.W.2d 743 (1991).

Here, appellant met the prosecuting witness and her two teenage friends in a street on Halloween night when appellant was dressed in costume, scaring children by swinging an axe with fake blood on it. The teenagers agreed to accompany him to a haunted house. Instead, appellant stopped at two liquor stores before driving to a field. While parked in the field, appellant threatened the teenagers with a knife and asked the two teenage girls to take off their clothes. He then said that he was merely trying to scare them and began driving around. The teenagers kept telling the appellant that they needed to go home. When appellant stopped his vehicle again two of the teenagers jumped out, but he hung onto the prosecutrix's arm so she could not escape. Appellant drove to a desolate dirt road where the prosecutrix said the appellant raped her. The prosecutrix testified that after the rape occurred appellant threatened to kill her, but she placated appellant by telling him she hated her mother and she might want to marry him. Appellant drove back into town and stopped twice for gasoline. At the first stop, he saw the prosecutrix trying to get help, and he jumped into the vehicle, pulled her hair and told her to shut up. At the second stop, the prosecutrix

managed to escape and obtain help. Clearly, these facts show sufficient evidence of restraint to exceed the restraint necessary to prove the crime of rape. *See Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672 (1988); *Jones* v. *State* 290 Ark. 113, 717 S.W.2d 200 (1986); *cf. Shaw* v. *State*, 304 Ark. 381, 802 S.W.2d 468 (1991).

In his final point, appellant recognizes this court has decided cases holding that a person can be convicted of both rape and kidnapping based upon the same criminal episode. *Beed* v. *State*, 271 Ark. 526, 609 S.W.2d 898 (1980); *Conley* v. *State*, 270 Ark. 886, 607 S.W.2d 328 (1980). He argues, however, if a person employs no more than the minimum restraint that normally accompanies rape, it constitutes double jeopardy to punish him also for kidnapping. As discussed above, we conclude the restraint employed by appellant exceeded that required in the commission of rape. Therefore, appellant's argument is without merit.

We affirm on all arguments but point one, which requires us to reverse and remand for a new trial. Pursuant to Ark. Sup. Ct. R. 11(f), we have examined the record and find no other rulings constituting prejudicial error.

HAYS and CORBIN, JJ., dissent.

STEELE HAYS, Justice, dissenting. It is unfortunate that the majority has passed up an opportunity to alleviate the uncertainty left in the wake of *Bailey* v. *State*, 287 Ark. 183, 697 S.W.2d 110 (1985), of which it has been said, "The court's reasoning and decision in *Bailey* are flawed in two significant respects and represent a marked departure from its prior holdings." 8 UALR Law Journal 746, 752 (1985).

Without specifying the offending words, the majority lists five excerpts from the remarks of the prosecutor during closing argument. Two of them (No.'s 3 and 4 in the numerical order of listing) can be readily disposed of as immaterial, if not entirely appropriate to the proof and admitted implicitly by the defense. A forensic serologist testified to multiple testing procedures reflecting the presence of motile sperm in the victim's vaginal canal. In fact, the defensive strategy throughout was based on the victim's age, sixteen, and that intercourse was consensual.

As to the remaining three excerpts, the majority does not specify what the prosecutor said that should not have been said. But the sum and substance, as readers can judge for themselves, is that the evidence or testimony that the victim did not consent to sexual intercourse is "not disputed" or is "unrefuted."

The rationale for the holding in this case is built on *Bailey* v. *State, supra,* and *Adams* v. *State,* 263 Ark. 536, 566 S.W.2d 387 (1978), on which the *Bailey* majority "heavily relied" (*see* the majority opinion). Oddly enough, *Adams* tells us it is perfectly permissible for the prosecutor to say "there has been absolutely no testimony to contradict that" and the prosecuting attorney "had every right to call to the jury's attention that there existed no contradictions in the state's case. We cannot visualize any valid objection to a remark of this nature when it cannot be construed as calculated to call a jury's attention to the fact that a defendant has failed to take the witness stand."

The offending words in *Adams* were, "How many witnesses did the defense put on for your consideration?" Of course, nothing in that vein was said in this case. The majority sees that as comparable to what was said in *Bailey,* i.e., "The only thing we've heard today about what happened in that room is from the prosecuting witness." Again, where is the comparable language in this case?

The *Aaron* majority does attempt to give some degree of guidance to the bench and bar by adopting the formula approved in *United States* v. *DiCaro,* 852 F.2d 259, 263 (7th Cir. 1988) to the effect that when a defendant elects not to testify *and* when he is the only person able to dispute the testimony of the state, the prosecutor may not focus the jury's attention on the defendant's failure to testify.[1]

The *DiCaro* formula may be useful in some cases, but it will hardly serve in all cases, as the comments *must* be viewed in context of the entire case. *See* 3 LaFave, *Criminal Procedure* § 23.4 n.32.1 (Supp. 1991). So it is in the case before us, where

---

[1] The *Bailey* majority gave lip service to that same formula yet disregarded the fact that the victim testified that Bailey's brother, Willie Foreman, was in the motel room during the time she was held against her will.

the defensive strategy, though calling no witnesses, was aimed at creating an inference that the victim consented. In opening statement counsel for the appellant twice told the jury that inasmuch as the victim was sixteen years old, no crime occurred if she consented to sexual intercourse. The clear and focused aim of counsel's cross examination was to emphasize that the victim and her two friends were on a lark, drinking Vodka, suggesting the victim wanted to leave her companions, while urging the appellant to take her to Louisiana to get married. The prosecutor's remarks in closing were made in direct response to that strategy:

> Mr. Davis had said that if Karol Whitecotton consented to sexual intercourse no crime occurred. That's an issue. Again that applies to the offense of rape. Judge has instructed you that in deciding the issues you should consider the testimony of the witnesses and the exhibits received in evidence. Ladies and gentlemen, there's not been one exhibit and there's not been one word of testimony that this young lady ever agreed or consented to have sex with that defendant.

*In accord, United States* v. *Kubitsky*, 469 F.2d 1253 (1st Cir. 1972), where the court found the prosecutor's comments proper and stated: " Since the prosecutor found himself in a situation where there are no defense witnesses at all, it was difficult to comment upon the case without at least indirectly touching upon that fact."

In short, I doubt that this decision provides any clearer standard than did *Bailey*, or that it is possible to formulate an objective guide for what constitutes a "veiled reference," as this case and many others demonstrate. As the majority is searching elsewhere for guidance, it should look at the case of *People* v. *Hunter*, 464 N.E.2d 659 (Ill. App. 1 Dist. 1984) which is in line with the comments in *Adams* and our previous cases:

> The prosecution may, however, refer to the fact that the testimony of the State's witnesses is uncontradicted even though the defendant would be the only person who could have contradicted it (citations), for this involves no more than an accurate summary of the evidence. *It is only when the "thrust [of the argument] is the defendant's nonappearance rather than the strength of the State's*

*case" that commentary on the uncontradicted nature of the evidence is deemed improper. . . .or where the evidence in fact was not uncontradicted, but the prosecutor stated that "there was no defense in this case"* (e.g., *People* v. *Escobar*). [My emphasis.]

I suggest that is a considerably better standard than we are left with since *Bailey* and I commend it to the majority in lieu of what is now offered.

CORBIN, J., joins in this dissent.