Barry G. AARON *v.* STATE of Arkansas

CR 94-524                                             891 S.W.2d 364

Supreme Court of Arkansas
Opinion delivered January 23, 1995

*Bryant & Henry*, by: *Barry A. Bryant*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Barry Aaron brings this second appeal from a retrial where he was convicted of one count of kidnapping and one count of rape for which he received consecutive life terms. This court had earlier reversed Aaron's convictions for these crimes because of trial error. *See Aaron* v. *State*, 312 Ark. 19, 846 S.W.2d 655 (1993). In the present appeal, he raises five points for reversal.

Aaron's first three points argued in this appeal were never ruled on by the trial court below. He raised these issues in a *pro se* pretrial motion at his second trial, but his later-acquired attorney failed to present the motion to the trial court.[1] While he concedes no ruling was obtained on his motion, Aaron requests we consider those issues as "plain error." We do not have a plain error rule, but instead have consistently held that the burden of obtaining a ruling is upon the movant, and unresolved questions and objections are waived and may not be relied upon on appeal. *Patrick* v. *State*, 314 Ark. 285, 862 S.W.2d 239 (1993); *Wilson* v. *State*, 272 Ark. 361, 614 S.W.2d 663 (1981).

Aaron's fourth point is that, contrary to Ark. R. Evid. 404(b), the trial court impermissibly allowed testimony that led the jury

---

[1]New and present counsel was appointed to represent Aaron in this appeal.

to believe Aaron had previously been arrested. Specifically, state witness Officer Darren Warren testified to the events leading to Aaron's arrest, and stated that the rape and kidnap victim said that she remembered her attacker as being about thirty-five years old, that his last name was Aaron and that Aaron said he was a plumber. Warren related that, when investigating the crimes, he called the dispatchers and had them check the computer for people fitting the description he had obtained. On direct examination, Warren stated that the dispatcher informed him of one person in that age group, giving Aaron's name and address. Warren continued by stating, "The arrest report that we had showed, or the information we had and records showed he (Barry Aaron) was a plumber." Defense counsel waited until the end of Warren's direct examination before interposing the objection that Officer Warren had improperly referred to an "extraneous offense."

Initially, we conclude that Aaron failed to object at the first opportunity and waived any right to raise his point on appeal. *Hill* v. *State*, 285 Ark. 77, 685 S.W.2d 495 (1985). Secondly, we point out that Warren never mentioned any prior offense in his direct examination, but that, even if Warren's reference to an arrest report could be said to be error, such error was harmless. The defense and the state stipulated that Aaron had been convicted of a felony in 1988 and, without objection, the jury was informed of that felony conviction.

Aaron's final issue is that it was "plain error" to sentence him as a habitual offender at retrial when he had not been tried as a habitual offender at his first trial. At his first trial, Aaron received consecutive sentences of forty years for kidnapping and life imprisonment for rape, and after conviction for these crimes on retrial, he received two life sentences to be served consecutively. Defense counsel's entire objection was as follows:

> "We may raise an objection to the life sentences being concurrent — I mean consecutive. I think that's more of a sentence than was imposed on him in the first trial. I think we need to raise an objection to that at this time."

Clearly, under Ark. Code Ann. § 5-4-403 (1987), the trial judge has the discretion to impose consecutive sentences. *Edwards* v. *State*, 300 Ark. 4, 775 S.W.2d 900 (1989). While Aaron now argues his sentencing violated his Due Process rights

and subjected him to Double Jeopardy, he never raised those arguments at trial and this court has repeatedly held that even constitutional rights are waived on appeal if not argued below. *Wetherington* v. *State*, 319 Ark. 37, 889 S.W.2d 34 (1994). Aaron also suggests that the state, at retrial, was improperly allowed to amend its information to try him as a habitual offender. However, as Aaron freely concedes, the state attempted to try him as a habitual offender at his first trial, but the trial court sustained Aaron's objection, ruling the state's attempt was untimely. Upon retrial, the state merely corrected its oversight at the first trial. In sum, Aaron failed to show any prosecutorial vindictiveness or other reason reflecting the trial court abused its discretion in permitting the state to amend its information. *Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672 (1988).

In accordance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections decided adversely to Aaron and no reversible error is found. For the reasons above, we affirm.