## BAKER v. MARTIN.

### Opinion delivered April 25, 1910.

1. APPEAL AND ERROR—MOTION FOR NEW TRIAL.—Errors of the circuit court in its finding of facts cannot be reviewed on appeal where no motion for new trial was presented to the court for its action. (Page 64.)

2.  SAME—HOW MATTERS BROUGHT UP.—An order of the court overrul-
    ing a motion for new trial must appear in the judgment record, and
    cannot be supplied by the bill of exceptions. (Page 65.)

3.  CONTINUANCE—ABSENCE OF ATTORNEY.—The refusal of the trial court
    to grant a continuance on account of the absence of one of appel-
    lants' attorneys, who was also one of their witnesses, was not error
    where no reason was stated why such attorney was not present, and
    no diligence shown to obtain his attendance. (Page 65.)

Appeal from Lawrence Circuit Court, Eastern District;
*Charles Coffin,* Judge; affirmed.

*J. E. London* and *J. N. Beakley,* for appellants.

When one tenant in common buys in an outstanding title
or incumbrance, it inures to the benefit of all.   21 Ore. 59;
55 Ark. 104; 47 O. St. 437; 44 Wash. 31; 50 Ia. 312; 173 Pa.
101; 9 S. Dak. 116; 98 Ia. 32.   Dower is a legal, equitable and
moral right, and next to life and liberty.   Scribner on Dower,
§ 33; 5 Conn. 462; 31 Ark. 576.   The rights of a purchaser
of a widow's dower before assignment to her will be protected
in equity.   62 Ark. 51; 53 N. Y. 298; 20 N. Y. 412; 7 Paige
408; 22 Wis. 501; 6 Allen 305; 13 Ala. 60; 4 B. Mon. 215; 53
How. Pr. 97; 49 Hun 265; 119 N. Y. 324.   A tenant in com-
mon must, in order to set the statute of limitations in motion,
indicate his intention to claim the property exclusively.   61 Ark.
527; 7 Wheat. 121; 4 Mason 326; 3 Met. (Mass.) 91; 5 Wheat.
116; 117 Ill. 92; 29 Wis. 226; 95 Mich. 410; 86 Ia. 385; 85 Ia.
427; 84 Me. 1; 47 Minn. 141; 48 Minn. 402; 105 Mo. 492;
94 Cal. 653; 83 Tex. 580; 133 Ill. 619; 35 Neb. 795.

*H. L. Ponder,* for appellee.

This case should be affirmed because the motion for a new
trial was never formally presented to the court and overruled.
12 Ark. 401; 13 Ark. 600; 40 Ark. 338; 57 Ark. 597; 66 Ark.
184; 89 Ark. 107.   The widow of a tenant in common is not
a tenant with the others before assignment of dower.   2 Stew.
356; 22 N. E. 1006; 29 Ind. 618; 23 How. Pr. 247.   The stat-
ute of limitations begins to run against the heirs immediately
upon sale or abandonment by the widow.   44 Ark. 490; 62 Ark.
313; 2 Scribner on Dower, § 64.

MCCULLOCH, C. J.   Appellants, N. L. C. Baker and others,
instituted an action in the circuit court of Lawrence County

against appellee, C. H. Martin, to recover a tract of land. The answer of appellee put in issue all the allegations of the complaint as to the title to the land, and also pleaded adverse possession for seven years. The case was heard by the court sitting as a jury on an agreed statement of facts, and the court made a finding in favor of appellee, except as to some of the plaintiffs who were exempt from the bar of the statute of limitations by reason of coverture and infancy, and judgment was entered accordingly. This judgment was rendered on March 11, 1909, and a motion for new trial was filed on the same day, but the record does not show that the motion was ever presented to or passed on by the court.

N. L. C. Baker and the other unsuccessful plaintiffs presented to the trial judge on that day their bill of exceptions, which was signed by the judge and filed; and in October, 1909, they prayed an appeal, which was granted by the clerk of this court. The bill of exceptions contains a recital to the effect that the motion for new trial had been overruled by the court, and exceptions to, that ruling saved.

During the September term, 1909, of the circuit court, appellants filed a motion in that court alleging that during the March term they presented their motion for a new trial to the court, and that the court overruled same, and also made an order allowing them to present their bill of exceptions within thirty days; and they prayed that said order of court over-ruling said motion for new trial, and granting time for filing bill of exceptions, be entered then as of the March term. Upon a hearing of the motion, the court found that the motion for new trial had not been overruled, and that no such orders had ever been pronounced by the court, and the court overruled the motion for a *nunc pro tunc* entry. Appellants prayed an appeal from that decision.

The judgment of the circuit court is responsive to the pleadings, and is within the issues presented thereby, and, in the absence of a bill of exceptions, we cannot review the action of the circuit court in its finding of fact, no error appearing on the face of the judgment. *Smith* v. *Hollis*, 46 Ark. 17. Neither can we review the judgment where the motion for new trial was never presented to the court for its action thereon. *Young* v. *King*, 33 Ark. 745; *Kearney* v. *Moose*, 37 Ark. 37.

The recitals of the bill of exceptions can not be looked to in order to ascertain whether or not the motion for new trial has been presented to and overruled by the court. An order overruling a motion for new trial is one which should appear on the records of the court. *Carpenter* v. *Dressler,* 76 Ark. 400. That being the appropriate place for it to appear, it has no place in a bill of exceptions. The office of a bill of exceptions is to bring on the record only things which are not properly matters of record. It is not proper to embody therein things which properly belong on the record, such as the judgment of the court, the order overruling motion for new trial, or order granting an appeal. *Anthony* v. *Brooks,* 31 Ark. 725.

Error of the court is assigned in refusing to postpone the hearing of the motion to amend the record. Appellants were represented by two attorneys, one residing at Walnut Ridge and the other at Van Buren, Arkansas. The motion was presented to the court by the attorney residing at Walnut Ridge, and he moved for a postponement until the next term of the court in order to procure the attendance of the other attorney, who, he alleged, would testify that the motion for new trial was presented to the court and overruled. No reason was stated why the attorney was not present, and no diligence was shown to obtain his attendance. The matter of continuance was one within the discretion of the court, and no abuse of that discretion is shown.

Judgment affirmed.