CITY OF MONTICELLO v. KIMBRO.

4-7190

176 S. W. 2d 152

Opinion delivered December 13, 1943.

*Lamar Williamson* and *Paul Johnson*, for appellant.

*J. W. Kimbro* and *C. T. Sims*, for appellee.

McFADDIN, J. The city of Monticello, by this appeal, seeks to reverse a judgment rendered against the city for $250 for damages to appellee's property by reason of a change in grade of the street in front of the property. But the city is met at the threshold of this appeal by the appellee's contention that the judgment of the circuit court must be affirmed because of the absence from the record of any order overruling the motion for new trial.

Even though technicalities are to be avoided in our liberal system of practice, still we reach the conclusion that the appellee's contention must be sustained in keeping with our previous holdings. Until there is in the record an order overruling the motion for new trial, then there is nothing of record showing: (1) the finality of action in the circuit court; or (2) the enlargement of time for filing the bill of exceptions.

Beginning almost with the adoption of our Civil Code and continuing in unbroken chain, this court has held that in the absence of a motion for new trial in a law case, this court, on appeal, only examines the judgment to see if any invalidity appears. *Young, Trustee,*

v. *King*, 33 Ark. 745; *Kearney* v. *Moose*, 37 Ark. 37; *Scroggin* v. *Hammett Gro. Co.*, 66 Ark. 183, 49 S. W. 820; *Smith* v. *Fish*, 182 Ark. 115, 30 S. W. 2d 223.

Likewise, we have held that where a motion for new trial is filed but is never called to the attention of the trial court within the time required by law, the effect is the same as if the motion for new trial had never been filed. *American Ins. Co.* v. *Dutton*, 183 Ark. 595, 37 S. W. 2d 875.

Likewise, we have held that unless the order overruling the motion for new trial appears in the record of the circuit court, we cannot say that the order was ever made. *Baker* v. *Martin*, 95 Ark. 62, 128 S. W. 579; *Hall* v. *Hammett*, 228 S. W. 384, 148 Ark. 654; *Kochtitzky* v. *Allworden*, 292 S. W. 105, 173 Ark. 1181; *Hudlow* v. *Williams*, 117 S. W. 2d 341, 196 Ark. 1178.

When the order of the circuit court overruling the motion for new trial does not appear in the circuit court record, then, for the Supreme Court to assume the order was made, or to accept proof *aliunde* to show the curing of the deficiency in the circuit court is, in effect, to allow the record of the circuit court to be impeached on appeal, and is a refusal to import validity to the circuit court judgment. This is the fundamental reason for such holdings.

In the case at bar, the order overruling the motion for new trial does not appear in the *record* of the circuit court, and to overcome the deficiency the appellant offers three matters, being: (1) The docket notations; (2) the notation at the end of the motion for new trial; and (3) the recitals in the bill of exceptions. We discuss these to demonstrate their insufficiency.

I. *The Docket Notations* showed the making of the order overruling the motion for new trial, but there is a clear distinction between a docket notation and a record entry. This distinction was pointed out in *Herrod* v. *Larkins*, 183 Ark. 509, 36 S. W. 2d 667, where this court said: "The notation on the judge's docket was not an entry of the judgment upon the records of the court." See, also, Supreme Court Procedure, by C. R. Stevenson, p. 3. In

*Herrod* v. *Larkins,* it was held that the docket notation could not be used to supply a deficiency in the record of the court, and we are bound by that case. So the docket notation here cannot be used to supply the deficiency in failing to have appear of record the order overruling the motion for new trial.

II. *The Notation at the End of the Motion for New Trial.* We have caused, by subpoena *duces tecum* (under § 2744, Pope's Digest) the original of the motion for new trial to be brought to this court for examination; and the original shows no order of any kind indorsed thereon by the judge under Act 167 of 1939.

III. *The Recitals in the Bill of Exceptions.* It appears in the *bill of exceptions* that the motion for new trial was filed and overruled, but Chief Justice McCuL-LOCH, speaking for this court in *Baker* v. *Martin,* 95 Ark. 62, 128 S. W. 579, said: "The recitals of the bill of exceptions can not be looked to in order to ascertain whether or not the motion for new trial has been presented to and overruled by the court. An order overruling a motion for new trial is one which should appear on the records of the court. *Carpenter* v. *Dressler,* 76 Ark. 400, 89 S. W. 89. That being the appropriate place for it to appear, it has no place in a bill of exceptions." And to the same effect, Mr. Justice HART said in *Hall* v. *Hammett,* 228 S. W. 384, 148 Ark. 654: "It does not appear from the record proper that the motion for a new trial was ever overruled or in any way acted upon by the trial court. The bill of exceptions recites that the motion for a new trial was overruled by the court. The recital of the bill of exceptions, however, cannot be looked to in order to ascertain whether or not the motion for a new trial has been presented to and overruled by the court. An order overruling a motion for a new trial is one which should appear on the records of the court."

These two cases are directly in point on the question here involved, and specifically hold that the recitals in the bill of exceptions cannot be used to supply the absence from the record of the order overruling the motion for new trial: and we therefore hold that there is nothing

in the record in the case at bar to show that the motion for new trial was overruled.

Therefore, nothing is properly before this court except the pleadings and judgment, and on the face of the pleadings, the verdict and judgment show no error; and the case should be affirmed. While we rest our affirmance on the failure of the record to show any order overruling the motion for new trial, still it is only fair to both sides to state that the majority of the court believe that the case should also be affirmed on the merits.

Affirmed.