GIBBONS v. BRADLEY, CHANCELLOR.

5-3639                                           394 S. W. 2d 489

Opinion delivered October 11, 1965.

*Penix & Penix*, By: *Bill Penix*, for Petitioner.

No brief filed for Respondent.

FRANK HOLT, Associate Justice. The question presented in this case is whether a temporary order in a

pending divorce suit is a contested case within the meaning of Ark. Stat. Ann. § 22-407.1 (Repl. 1962) [Act 6 of 1951]. This statute empowers the chancellor to "hear, adjudicate, or render any appropriate order with respect to, any cause or matter pending in any chancery court over which he presides," anywhere within the chancery district upon proper notice. This statute provides, however, that "no contested case can be tried outside the county of the venue of said case, except upon agreement of the parties interested."

The petitioner's wife, Nola Gibbons, filed suit against him in the Craighead County Chancery Court, Eastern District. In her complaint she asked for an absolute divorce, child custody, support and possession of their home. The complaint included a prayer for temporary awards. Petitioner was duly served with a summons which included a notice that on a certain date a petition would be presented to the chancery court in chambers at Blytheville, Mississippi County, for a temporary award of maintenance, suit money, and exclusive use of their home. The petitioner filed an answer denying the allegations of his wife's complaint. Petitioner refused to agree to the hearing on the matters, *pendente lite,* in the adjoining county, objected to the venue and asked that the hearing be held in Craighead County, Eastern District. The chancellor entered an order overruling petitioner's objection and held that a hearing, *pendente lite,* could properly be held by him outside the county of venue without agreement of the adverse party.

The petitioner argues that a writ of prohibition should issue because "the *pendente lite* hearing was a 'contested case' which cannot be tried outside the county of venue, except upon agreement of the parties."

It is true that an order *pendente lite* is final and suject to appeal. *Glenn* v. *Glenn,* 44 Ark. 46. However, we cannot agree with the petitioner that a temporary order incidental to a final hearing on the merits of a case, as in the case at bar, is a "contested case" within the meaning of this recent enactment of our legislature. In construing legislative intent we examine the language

of the statute, the subject matter, the object to be accomplished, the desired purpose, the remedy provided, the contemporaneous legislative history or other appropriate matters that enlighten us on the intent of the legislature. *Cheney, Commissioner* v. *Georgia-Pacific Paper Corp.*, 237 Ark. 161, 371 S. W. 2d 843.

Section 4 of the statute in question reads in part: "* * * the nature of litigation in chancery is such that the convenience of the parties and their counsel may frequently be served, expense minimized, and the dispatch of business expedited, by the hearing of causes by the chancellor in chambers, or elsewhere than at the county seat." The manifest purpose of this statute is to facilitate and expedite matters by authorizing the chancellor, without agreement of the parties, *to render appropriate orders* with respect to the pending cause. To construe the statute otherwise could result in a great hardship upon the petitioner's wife if the press of business or other circumstances prevented the chancellor from returning to the county of the venue for days or weeks.

Writ denied.

JOHNSON, J., dissents.