George Wilbert BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 58542.

Court of Criminal Appeals of Texas, Panel 3.

July 12, 1978.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

**138**

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order revoking probation. Appellant was convicted of the primary offense of "attempted delivery of a controlled substance, to wit: morphine" on March 24, 1976. Punishment was assessed at five years, probated.

On April 1, 1977, the court held a hearing on the State's motion to revoke probation and following the hearing the court entered an order revoking appellant's probation.

The record is before us without a transcription of the court reporter's notes. No brief was filed in the trial court in appellant's behalf as is required by Art. 40.09, Sec. 9, V.A.C.C.P. No question of indigency is raised; however, we have examined the record and find unassigned error which must be considered in the interest of justice under Art. 40.09, Sec. 13, V.A.C.C.P.

The disposition of this case is governed by our decisions in *Moore v. State,* Tex.Cr. App., 545 S.W.2d 140, and *Ex parte Barnes,* Tex.Cr.App., 547 S.W.2d 631. There we held that the criminal attempt provisions set forth in V.T.C.A. Penal Code, Sec. 15.01, do not apply to the Controlled Substances Act (Art. 4476–15, V.A.C.S.), which contains no criminal attempt provision.

The charge to which appellant entered a plea of guilty (in the purported primary offense) and received a probated sentence is not an offense and the conviction based thereon is void.

The judgment is reversed, the cause remanded, and the prosecution ordered dismissed.