**Ex parte Danny Ray OSBOURN.**

**No. 59776.**

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 20, 1978.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

**OPINION**

ONION, Presiding Judge.

This is a post-conviction proceeding brought under Article 11.07, V.A.C.C.P.

On August 17, 1976 the petitioner was found guilty of delivery of marihuana and his punishment was assessed by the jury at three (3) years' confinement in the Department of Corrections.

It is petitioner's contention that the indictment under which he was convicted is fundamentally defective for failure to allege the amount delivered leaving the penalty to be assessed vague and uncertain.[1]

We do not agree that the indictment is fundamentally defective, but an examination of the indictment reveals that it only

---

1. Omitting the formal parts, the indictment alleges the petitioner "on or about the 22nd day of February, A.D. 1976, and before the presentment of this indictment, in said County and State, did then and there knowingly and intentionally deliver to DELL HAMPTON a usable quantity of marijuana . . . .."

alleges a misdemeanor. Consequently, we set aside the conviction and remand to the district court to be transferred to a court having jurisdiction of the misdemeanor offense. *Suarez v. State*, 532 S.W.2d 602 (Tex.Cr.App.1976); *Whitaker v. State*, 572 S.W.2d 956 (Tex.Cr.App.1978).[2]

Marihuana is a Schedule I controlled substance. Article 4476–15 (Texas Controlled Substances Act), § 2.03(d)(10), V.A.C.S. The knowing and intentional delivery is prohibited by § 4.05(d) of said statute. Except as provided in § 4.05(f) of Article 4476–15, supra, a knowing or intentional delivery of marihuana is a felony of the third degree. § 4.05(e) of Article 4476–15, supra. Under said § 4.05 the knowing or intentional delivery of marihuana is a Class B misdemeanor if the accused delivers one-fourth ounce or less of marihuana without receiving remuneration. Consequently, since the indictment in the instant case failed to allege the amount of marihuana delivered or whether the delivery was for remuneration, it does not allege a felony. *Suarez v. State*, supra, at p. 603, and cases there cited.

The conviction is set aside and the relief prayed for is granted.

---

**2.** Nothing herein precludes re-indictment. See footnote one of *Suarez v. State*, supra, at p. 602.