

# The Attorney General of Texas

April 14, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce. Suite 200
Dallas. TX. 75202
214/742-8944

4824 Alberta Ave.. Suite 160
El Paso. TX. 79905
915/533-3484

723 Main. Suite 610
Houston. TX. 77002
713/228-0701

806 Broadway. Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth. Suite F
McAllen. TX. 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio. TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ben Z. Grant, Chairman
Judiciary Committee
House of Representatives
Austin, Texas

Opinion No. MW-167

Re: Authority of a municipality to enact an ordinance providing for a fine for possession of marihuana.

Dear Representative Grant:

You ask whether there exists in Texas a criminal offense of "criminal intent" to possess a controlled substance such as marihuana, and whether a city can enact an ordinance providing for imposition of a fine for possession of less than two (2) ounces of marihuana.

Criminal intent, or mens rea, refers to a culpable mental state defined by Penal Code section 6.03(a), which provides that "[a] person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." Although "criminal intent," without more, would not constitute a penal offense, it is one of the constituent elements of the offense of "criminal attempt."

Criminal attempt is defined by Penal Code section 15.01(a), which provides that "[a] person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." The punishment for criminal attempt is one category lower than the offense attempted. Penal Code § 15.01(d).

The Texas Court of Criminal Appeals has repeatedly held that the offense of criminal attempt under Penal Code section 15.01 does not apply to offenses under the Controlled Substances Act, article 4476-15, V.T.C.S., which contains no general criminal attempt provision. Brown v. State, 568 S.W.2d 137 (Tex. Crim. App. 1978); Ex parte Russell, 561 S.W.2d 844 (Tex. Crim. App. 1978); Ex parte Barnes, 547 S.W.2d 631 (Tex. Crim. App. 1977); Moore v. State, 545 S.W.2d 140 (Tex. Crim. App. 1976).

An amendment to section 4.09(a)(3) of the Controlled Substances Act, effective May 2, 1979, prohibits an attempt to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or

subterfuge.  However, the legislature did not provide a general criminal attempt provision for violations of the Controlled Substances Act.

Since possession of marihuana is regulated by the Controlled Substances Act, there can be no offense of "criminal intent" (or criminal attempt) to possess marihuana, or any other controlled substance, unless the attempt to possess the controlled substance constitutes a fraud offense pursuant to section 4.09(a)(3).  An offense under section 4.09(a)(3) is a felony of the second degree if the controlled substance is classified in Schedule I or II of the Controlled Substances Act.  V.T.C.S. art. 4476-15, § 4.09(b)(1). Marihuana is a Schedule I controlled substance.  V.T.C.S. art. 4476-15, § 2.03(d)(13).  Ex parte Osbourn, 574 S.W.2d 568 (Tex. Crim. App. 1978); Whitaker v. State, 572 S.W.2d 956 (Tex. Crim. App. 1978).

Penal Code section 1.08 provides:

> No governmental subdivision or agency may enact or enforce a law that makes any conduct covered by this code an offense subject to a criminal penalty.  This section shall apply only as long as the law governing the conduct proscribed by this code is legally enforceable.

Penal Code section 1.08 is made applicable to the Controlled Substances Act by Penal Code section 1.03(b), which provides that the provisions of Titles 1, 2, and 3 of the Penal Code apply to offenses defined by other laws, unless the statute defining the offense provides otherwise.

Since the possession of two (2) ounces or less of marihuana is punishable as a Class B misdemeanor under section 4.05(b)(3) of the Controlled Substances Act, a municipality would be preempted by state law from enacting an ordinance providing for a fine for the possession of less than two (2) ounces of marihuana as long as section 4.05(b)(3) of the Controlled Substances Act is legally enforceable.

### SUMMARY

> There can be no offense of "criminal intent" (or criminal attempt) to possess marihuana.  A municipality is preempted by state law from enacting an ordinance providing for the imposition of a fine for possession of marihuana.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Gerald Carruth
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Gerald Carruth
Susan Garrison
Rick Gilpin
Bruce Youngblood