Doris Wynona CHAPPELL v. Harry Buckley McMILLAN

88-22                                                    756 S.W.2d 895

Supreme Court of Arkansas
Opinion delivered September 19, 1988

*Evans & Evans*, by: *James E. Evans, Jr.*, for appellant.

No brief filed.

DAVID NEWBERN, Justice. The question in this case is proper venue for a child support proceeding subsequent to a divorce. The appellant, Doris Wynona Chappell, and the appellee, Harry

Buckley McMillan, were divorced in Clark County Chancery Court. McMillan was given custody of the parties' two children. Chappell moved to Washington County and filed a petition with the Washington County Chancery Court for modification of the decree to give her custody of one of the children. Appellee McMillan did not contest the matter. The pleadings did not show that the original divorce and child custody decree were taken in Clark County. Thereafter, Chappell filed a petition in the Washington County Chancery Court seeking child support for the child whose custody she had obtained. McMillan contested the petition, stating that the divorce was granted in Clark County. The Washington County Chancellor dismissed the petition due to improper venue. We affirm.

Chappell cites *Arkansas State Racing Comm.* v. *Southland Racing Corp.*, 226 Ark. 995, 295 S.W.2d 617 (1956), for the proposition, with which we agree, that the objection to improper venue, unlike the objection to lack of subject matter jurisdiction, is waived by appearance. See *Hargis* v. *Hargis*, 292 Ark. 487, 731 S.W.2d 198 (1987), where we applied that concept in a divorce case. However, no case is cited where venue, once established, was held to have been changed by appearance, waiver, or consent of the parties. We hold that, to effect a change of venue for related proceedings subsequent to a divorce decree, there must be compliance with Ark. Code Ann. § 9-12-320(a) (1987), which provides specifically that the court in which the final divorce decree was rendered "may grant a change of venue for further action . . . when it is shown that both parties consent to a change of venue and the court of the chancery district to which the case is requested to be transferred is willing to accept the case for further proceedings."

Affirmed.