The ESTATE of Noel BAKER, Jr., Vickie White, *Executrix v.* Gary DAVIS

CA 01-948                                    85 S.W.3d 553

Court of Appeals of Arkansas
Divisions I, II, IV
Opinion delivered September 25, 2002

*Jerry D. Patterson*, for appellant.

*Jones, Jackson & Moll, PLC*, by: *Mark A. Moll* and *Jay W. Kutchka*; and *Courtway & Osment, PLC*, by: *Pamela Osment*, for appellee.

JOSEPHINE LINKER HART, Judge. On December 30, 2000, a decree was filed by the Searcy County Chancery Court awarding appellant a judgment against appellee, Gary Davis, in a contract dispute. Appellee filed a motion for new trial, and over appellant's objection, a hearing was held on the motion in Faulkner County. In an order of dismissal filed February 23, 2001, the

chancellor granted the motion, vacated the original decree, and dismissed appellant's complaint without prejudice. Appellant brings this appeal, not challenging the merits of the chancellor's decision to order dismissal, but instead arguing that, pursuant to Ark. Code Ann. § 16-13-317 (Repl. 1999), the hearing on the motion could not be held in Faulkner County absent appellant's agreement because the motion constituted a "contested case . . . tried outside the county of venue of the case." We agree and reverse and remand.

Because the chancellor who issued the initial decree was elected to a judgeship on our court, the motion for a new trial was presided over by a different chancellor. At the hearing, appellant's counsel noted that while the case had been tried in Searcy County, the motion was being heard in Faulkner County, a county in the same judicial district as Searcy County. Appellant's counsel stated that they were present at the request of appellee and not by agreement and that they did not agree to the hearing because it was outside the venue of Searcy County. Appellant's counsel further noted that neither the court file nor the docket was available in Faulkner County.[1] Appellee's counsel responded by saying that he was not sure how appellant would be prejudiced by having the hearing in Faulkner County. The hearing was nevertheless held, and after the hearing, the chancellor granted the motion for new trial, vacated the decree, and dismissed appellant's complaint without prejudice. Appellant challenges on appeal the propriety of the chancellor's holding of the hearing in Faulkner County.

▆▆ As an initial matter, we must decide whether this issue was preserved for appellate review. Appellee argues that the issue was not preserved because appellant failed to obtain a ruling on the objection to the hearing. The Arkansas Supreme Court has stated that we "do not have a plain error rule, but instead have consistently held that the burden of obtaining a ruling is upon the movant, and unresolved questions and objections are waived and may not be relied upon on appeal." *Aaron v. State*, 319 Ark. 320,

---

[1] Though not abstracted, we note that the chancellor responded, "All righty. All righty."

321, 891 S.W.2d 364, 365 (1995). Because we do not have a plain error rule, "any error argued on appeal must have first been directed to the trial court's attention in some appropriate manner, so that court had an opportunity to address the issue." *Stacks v. Jones*, 323 Ark. 643, 646-47, 916 S.W.2d 120, 122 (1996).

■ We conclude that the chancellor's continuation of the hearing, after appellant objected to the propriety of the hearing, constituted a ruling on the objection. The issue was directed to the chancellor's attention when appellant objected to the hearing, and the objection was resolved by the chancellor's holding of the hearing. This case resembles *McMahan v. Berry*, 319 Ark. 88, 93-94, 890 S.W.2d 242, 246 (1994), in which the appellant objected to certain jury instructions, and without specifically ruling on the appellant's objection, the court gave the instructions to the jury. The Arkansas Supreme Court held that "[t]he giving of the instruction effectively became the ruling. . . ." *McMahan*, 319 Ark. at 94, 890 S.W.2d at 246. Similarly, in the case at bar, appellant objected to the holding of the hearing, and the chancellor's holding of the hearing effectively became the ruling. Thus, we may properly address the merits of appellant's argument.

■ On the merits, at issue is the interpretation of Ark. Code Ann. § 16-13-317 (Repl. 1999), which provides as follows:

> At any time while mentally and physically competent and physically present in the geographical area of the judicial district which he serves as chancellor, the judge of a chancery court may hear, adjudicate, or render any appropriate order with respect to any cause or matter pending in any chancery court over which he presides, subject to such notice of the time, place, and nature of the hearing being given as may be required by law or by rule or order of the court. However, no contested case can be tried outside the county of the venue of the case, except upon the agreement of the parties interested.

In interpreting this statute, the Arkansas Supreme Court, in *Gibbons v. Bradley*, 239 Ark. 816, 394 S.W.2d 489 (1965), concluded that while an order *pendente lite* was final and subject to appeal, it was not a "contested case," noting that it was a "temporary order incidental to a final hearing on the merits of a case." *Gibbons*, 239 Ark. at 817, 394 S.W.2d at 490. The court further stated that the

purpose of the statute is to "facilitate and expedite matters by authorizing the chancellor, without agreement of the parties, *to render appropriate orders* with respect to the pending case." *Gibbons,* 239 Ark. at 818, 394 S.W.2d at 491. *See also Henderson v. Dudley,* 264 Ark. 697, 712-13, 574 S.W.2d 568, 667 (1978) (affirming the chancellor's issuance of an order to show cause issued while the chancellor was sitting outside the county in which the case was pending).

Appellant contends that the chancellor's hearing of the motion for new trial amounted to a "contested case" being "tried outside the county of the venue of the case," requiring the consent of the interested parties. Although much of the extensive hearing on the motion for new trial was not abstracted, we can tell from the appended order of dismissal that, after reviewing the case file and considering the arguments of the parties, the chancellor determined that appellee was not subject to the personal jurisdiction of the court. This was a ruling on a substantive issue already extensively litigated and decided in appellant's favor in the earlier proceedings. The chancellor then vacated the original decree and dismissed appellant's complaint without prejudice.

In contrast to *Gibbons,* this decision cannot be fairly characterized as an order made to "facilitate and expedite matters" with respect to a "pending case." The chancellor retried[2] the issue of personal jurisdiction, and after disagreeing with the previous chancellor's disposition on the merits, he did not just grant a new trial, but also dismissed appellant's complaint. Thus, the chancellor's vacation of the earlier decree and dismissal of the complaint was a final disposition of the merits. Consequently, in the absence of clear authority to the contrary, we conclude that this was a "contested case" which was "tried outside the county of the venue of the case." And because the change of venue was made without, as required by the statute, the consent of the parties, the change of venue was improper, and the case must be

---

[2] The Arkansas Supreme Court has cited other sources defining a "trial" as "the judicial investigation and determination of the issues between the parties to an action." *Black v. Jones,* 208 Ark. 1011, 1015, 188 S.W.2d 626, 628 (1945).

reversed and remanded for a hearing on the motion for new trial in the proper venue.[3]

Reversed and remanded.

GRIFFEN, NEAL, CRABTREE, and ROAF, JJ., agree.

STROUD, C.J., and BIRD, J., agree in part and dissent in part.

JENNINGS and VAUGHT, JJ., dissent.

JOHN F. STROUD, JR., Chief Judge, dissenting. I agree with the majority that this matter is preserved for our review because the trial court in effect ruled on the motion by continuing with the hearing. However, I dissent from the majority opinion concerning the merits of this case because it is my view that it misapplies the clear language of Arkansas Code Annotated section 16-13-317 (Repl. 1999). Under my view of the application of this statute, the hearing in this matter was that of a posttrial motion, not that of a "contested case" as found by the majority. Moreover, I do not believe that the cases of *Gibbons v. Bradley*, 239 Ark. 816, 394 S.W.2d 489 (1965), and *Henderson v. Dudley*, 264 Ark. 697, 574 S.W.2d 568 (1978), are as easily distinguishable from the instant case as urged by the majority opinion. Nor do I believe that the 1945 case of *Black v. Jones*, 208 Ark. 1011, 188 S.W.2d 626 (1945), which the majority cites in its second footnote for its definition of "trial," is particularly helpful in resolving this issue.

Furthermore, the majority opinion states that "because the *change of venue* was made without . . . the consent of the parties, the *change of venue* was improper. . . ." I do not consider the hearing of this posttrial motion to have facilitated a change of venue. Rather, the venue remained in Searcy County where the case was tried.

I would affirm the trial court, and I am authorized to state that Judge BIRD joins in this dissent. I am further authorized to state that Judge JENNINGS agrees with this interpretation of the

---

[3] *Compare Chappell v. McMillan*, 296 Ark. 317, 756 S.W.2d 895 (1988) (holding that to effect a change of venue there must be compliance with the venue statute).

statute although it is his opinion that the issue was not properly preserved in this case.

LARRY VAUGHT, Judge, dissenting. I dissent from the decision to reverse without reaching the interpretation of Ark. Code Ann. § 16-13-317, because I believe that the objection to venue was waived. Appellant did not obtain a ruling on her objection, and the burden of obtaining such a ruling is on the movant, and any matters left unresolved are waived and may not be relied upon on appeal. *McElroy v. Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991). The failure to obtain a ruling from the trial court constitutes a waiver of the issue on appeal. *Gatlin v. Gatlin*, 306 Ark. 146, 811 S.W.2d 761 (1991). The appellate court will not review a matter on which the trial court did not rule. *Id.*

While the majority acknowledges that the above precedent is the law, they choose to ignore it and follow *McMahan v. Berry*, 319 Ark. 88, 890 S.W.2d 242 (1994) to hold that the "holding of the hearing effectively became the ruling." While the *McMahan* decision is not an unreasonable solution to a difficult question, it is certainly an aberration in light of many years of supreme court precedent. At least twice before the supreme court has addressed the issue squarely and refused to consider issues on appeal where the trial court did not specifically rule, but proceeded with the case. In both cases, the seemingly "unreasonable" result led to changes in the rules to allow a "deemed denied" ruling for appellate purposes.

In *Danzie v. State*, 326 Ark. 34, 930 S.W.2d 310 (1996), the appellant made a motion for directed verdict, and the court did not specifically deny it, but merely continued with the trial. The appellant argued there, as here, that the continuation of the trial constituted a denial of the motion and he could do nothing more. The supreme court disagreed, cited the long-standing precedent stated above, and affirmed, holding that the issue had been waived. Subsequently, the court changed Rule 33.1 of the Arkansas Rules of Criminal Procedure to provide that a motion for directed verdict is deemed denied if the court continues without ruling.

In *City of Monticello v. Kimbro*, 206 Ark. 503, 176 S.W.2d 152 (1943), the appellant filed a motion for a new trial in a civil case.

The trial judge never ruled on the motion and the supreme court denied the appeal for lack of a final order. Rule 59(b) of the Arkansas Rules of Civil Procedure now provides that a motion for new trial is deemed denied if not ruled on within thirty days.

Sometimes it takes a seemingly unreasonable result to motivate a rule change. I believe this to be one of those cases. If the law is now to be that a trial court's continuation of a hearing or trial without ruling on a motion is sufficient to preserve the issue for appeal, it should be the supreme court that makes that decision. I would, therefore, affirm because the only issue appealed was not preserved for our review. I am authorized to state that Judge JENNINGS joins this dissent.