Vicki WHITE, Executrix of the Estate of Noel Baker, Jr. *v.*
Daryl DAVIS, Kevin Davis, and Gary Davis, d/b/a Davis Dairy,
d/b/a Davis Brothers Dairy, and d/b/a Davis Dairy Farm

02-1092 99 S.W.3d 409

Supreme Court of Arkansas
Opinion delivered March 6, 2003

*Jerry D. Patterson*, for appellant.

*Jones, Jackson & Moll, PLC,* by: *Mark A. Moll* and *Jay W. Kutchka;* and *Courtway & Osment, PLC,* by: *Pamela Osment,* for appellee.

T OM GLAZE, Justice. This case is before us on petition for review from the court of appeals. We granted the appellee Gary Davis's petition because the issue presented on appeal called for an interpretation of Ark. Code Ann. § 16-13-317 (Repl. 1997); however, we conclude that the issue was not properly preserved for our review, and therefore, we affirm the trial court.

In November of 1994, Noel Baker, the appellant, selected eighty Holstein heifers from Gary Davis and Davis's brothers' dairy farm, residents of Missouri, agreeing to pay $104,000 for the cows, and an additional $2,634 for twenty-six tons of alfalfa hay. After Davis delivered the cattle to Baker in December of 1994, Baker discovered that the cattle delivered and paid for were not the same animals that he had selected from Davis's dairy. Baker notified Davis that the cattle were not the ones he had selected and demanded the return of the money he had paid. Davis refused to return the money, and as a result, Baker filed suit against Davis in Searcy County.[1]

Davis subsequently moved to dismiss, alleging that Baker's complaint failed to set forth facts that would support a finding that Davis had contact with Arkansas, as is required to confer personal jurisdiction over him. The Searcy County Chancery Judge signed a decree on December 30, 2000, finding that the Arkansas courts had personal jurisdiction over Davis. The judge went on to find that Davis had defrauded Baker, and awarded damages totaling $360,657.93. The decree was filed and entered with the court clerk on January 19, 2001.

---

[1] At some point during the proceedings, Mr. Baker died, and Vicki White, executrix of his estate, was substituted as plaintiff. In addition, the original complaint also named Gary Davis's brothers, Daryl Davis and Kevin Davis, along with the brothers' business, variously called Davis Bros., Davis Bros. Dairy, and Davis Dairy Farm. Criminal charges were filed against all three Davises; Daryl eventually pled guilty to theft of property, and he and Kevin settled and were dismissed from the instant case. The civil case proceeded to trial against only Gary Davis. In writing this opinion, we merely refer to Noel Baker.

After the decree was entered, Davis filed a motion for new trial on January 26, 2001, reasserting his argument that the trial judge did not have personal jurisdiction over him, and raising a claim that the award of money damages was not supported by the evidence. Baker filed a response to Davis's motion for new trial on February 6, 2001.

On February 13, 2001, a hearing was held on the motion for new trial before a newly-elected chancery judge, Michael Maggio,[2] in Faulkner County, which is in the same judicial district as Searcy County. At the outset of the hearing, Judge Maggio noted that he was "at a little bit of a disadvantage [because he did] not have the complete file; that is up in Searcy County." Noel Baker's counsel noted that the case had been tried in Searcy County, but the motion was being heard in Faulkner County. Counsel stated that "we are here because of the moving party, and not by agreement. We do not agree to the hearing. It is our position that this is outside the venue of the court action. The original court file . . . is not here, and neither is the docket." The judge replied, "All righty. All righty." The parties then went on to present their arguments, and the judge eventually granted Davis's motion for new trial, finding that Davis was not subject to the personal jurisdiction of the court. The judge then vacated the decree and dismissed Baker's complaint without prejudice.

Baker appealed, challenging the chancellor's authority to hold the hearing in Faulkner County over Baker's objection. In response, Davis argued that Baker never obtained a ruling on the venue question below, and therefore, the issue was not preserved for appeal. In a split decision, the court of appeals agreed with Baker, concluding that the issue was directed to the chancellor's attention when Baker objected to the hearing and his objection was resolved by the chancellor's continuing on with the hearing. *Estate of Baker v. Davis*, 79 Ark. App. 188, 191, 85 S.W.3d 553 (2002).

In reaching this conclusion, the court of appeals relied on *McMahan v. Berry*, 319 Ark. 88, 890 S.W.2d 242 (1994). In that case, McMahan objected to a proposed jury instruction, but the

---

[2] The original chancellor, Judge Karen Baker, was elected to the court of appeals in November of 2000.

trial court gave the instruction anyway. In reaching McMahan's arguments about the propriety of the instruction, this court held that the giving of the instruction "effectively became the ruling, and we can see no sound reason why more should be required." *McMahan*, 319 Ark. at 93-94.

 ██ *McMahan*, however, appears to be an unusual decision, and our case law otherwise overwhelmingly requires a party to obtain a ruling on an objection in order to preserve the issue for appellate review. In *McDonald v. Wilcox*, 300 Ark. 445, 780 S.W.2d 17 (1989), we explained the reason for this rule as follows:

> We have held many times that the burden of obtaining a ruling is on the movant, and objections and questions left unresolved are waived and may not be relied upon on appeal. *Richardson v. State*, 292 Ark. 140, 728 S.W.2d 510 (1987); *Britton v. Floyd*, 293 Ark. 397, 738 S.W.2d 408 (1987); *Williams v. State*, 289 Ark. 69, 709 S.W.2d 80 (1986). By appellant's [McDonald's] failure to include any record of a ruling, we are faced with essentially the same situation on review.

> We have no way of determining from the record that the trial court did in fact make a ruling, nor, assuming one was made, the nature or extent of the ruling. It may be that the trial court reserved a ruling until the evidence was more fully developed and that the issue was left unresolved. It may be that depending on the ruling, appellant [McDonald] waived any objection on appeal, because it was he who elicited proof of the convictions during his case in chief. The point is that with no record of a ruling we can only speculate as to whether a ruling was made and what the particulars of the ruling may have been. Obviously, for an accurate and fair review of the question, that information is critical.

*McDonald*, 300 Ark. at 447-48. *See also Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999); *Vanderpool v. Fidelity & Cas. Ins. Co.*, 327 Ark. 407, 939 S.W.2d 280 (1997); *McElroy v. Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991).

Here, Noel Baker's counsel told the judge that he did not agree to the hearing, and it was counsel's position that venue was in Searcy County, not Faulkner County. However, counsel made no mention of the venue statute, § 16-13-317, he now attempts to argue on appeal. Although the statute authorized the judge to hold the hearing in Faulkner County to render "appropriate

orders" with respect to the pending cause in Searcy County, counsel failed to point out to the judge that only "contested cases" may not be tried outside the county of venue of the case without agreement of the parties.[3] *See Henderson v. Dudley*, 264 Ark. 697, 574 S.W.2d 568 (1978), and *Gibbons v. Bradley*, 239 Ark. 816, 394 S.W.2d 489 (1965). Despite this failure, Noel Baker now raises those specific venue issues in this appeal, although those issues were never brought to the trial judge's attention for a ruling below.

Consistency requires that we follow our long-standing rule that a moving party bears the burden of obtaining a ruling on any objection, and in the absence of such a ruling, the issues are not preserved for our review.[4] Because Baker did not properly obtain a ruling on his objection to venue being in Faulkner County, we are unable to reach the merits of this appeal, and the decision of the trial court is affirmed.

BROWN and HANNAH, JJ., disssent.

THORNTON, J., not participating.

ROBERT L. BROWN, Justice, dissenting. The majority today returns to the tired practice of the past and decides this case on an asserted procedural defect. Based on this

---

[3] Section 16-13-317 provides in full as follows:

At any time while mentally and physically competent and physically present in the geographical area of the judicial district which he serves as chancellor, the judge of a chancery court may hear, adjudicate, or render any appropriate order with respect to any cause or matter pending in any chancery court over which he presides, subject to such notice of the time, place, and nature of the hearing being given as may be required by law or by rule or order of the court. However, no contested case can be tried outside the county of the venue of the case, except upon the agreement of the parties interested.

[4] The dissenting opinion in the court of appeals' decision pointed out that this court's rules have, in the past, been amended in response to "unreasonable results." *See Estate of Baker v. Davis*, 79 Ark. App. 188, 194, 85 S.W.3d 533 (2002) (Vaught, J., dissenting) (citing *Danzie v. State*, 326 Ark. 34, 930 S.W.2d 310 (1996) (leading to change in Ark. R. Crim. P. 33.1); and *City of Monticello v. Kimbro*, 206 Ark. 503, 176 S.W.2d 152 (1943) (leading to amendment of Ark. R. Civ. P. 59(b)). Indeed, even those "frustrating procedural pitfalls" recited by the dissent were corrected by changing the rules of procedure. If this long-standing rule is to be altered, the change should first occur in our procedural rules, as it has been done before.

analysis, it refuses to address the legal issue raised in this case. I am convinced that the trial judge effectively ruled on the issue at hand. For that reason, I would decide the legal point of whether a hearing on a new-trial motion is a contested matter for purposes of determining proper venue.

The fact that the trial court effectively ruled on the appellant's venue objection is clear on the face of the record. The appellant objected to the proceeding going forward in Faulkner County, because the trial had taken place in Searcy County. Following the venue objection, the trial judge said, "All righty," and proceeded to hear the new-trial motion where he was — in Faulkner County.

According to the majority, there was no ruling on the appellant's objection to the hearing taking place in Faulkner County. I ask the rhetorical question: What could be more of a ruling than proceeding with the hearing in Faulkner County when that was the basis for the objection? Holding that no ruling was made under these circumstances elevates the importance of uttering one word — "denied" — to dizzying heights.

Over the past decade, a trend has been established in this court to eliminate procedural pitfalls that resulted in no decision on the merits of a case. Those pitfalls were frustrating to both the bench and bar. *See, e.g.,* Leon Holmes, *Pitfalls of the Appellate Practice: Avoiding the Serbonian Bog,* ARKANSAS LAWYER (Summer 2000). Some of the more obvious examples have been corrected: (1) the elimination of an absolute affirmance for abstract deficiencies (Ark. Sup. Ct. R. 4-2(b)); (2) providing that a notice of appeal filed before entry of judgment would be considered filed the day after that entry (Ark. R. App. P.—Civ. 4(a)); (3) providing that a notice of appeal filed before an order disposing of posttrial motions shall also be deemed filed the day after the entry of that order (Ark. R. App. P.—Civ. 4(b)(2)); (4) providing that in a criminal trial, a motion for directed verdict at the close of all the evidence will be deemed denied when the trial proceeded ahead (Ark. R. Crim. P. 33.1(c)).

With respect to the precise issue confronting this court today, we decided an analogous case in 1994 in a unanimous opinion

where we held that instructing a jury with a contested instruction was an effective ruling on the objection. We said:

> However, counsel objected to the agency instruction, stating correctly why it should not be given. The trial court then proceeded to give the errant instruction. The giving of the instruction effectively became the ruling and we can see no sound reason why more should be required.

*McMahan v. Berry*, 319 Ark. 88, 94, 890 S.W.2d 242, 246 (1994). In the *McMahan* case, as in the case before us, the issue was whether the action of the trial court in proceeding with the trial constituted a ruling. This court held that it did, even though the trial judge had not uttered the word, "Denied." A majority of the court now holds that the *McMahan* case was an aberration, and that we should, in effect, pretend the case is not there. In holding as it does, the majority wants to retrench and decide cases based on an outmoded procedural pitfall.

The majority cites two post-*McMahan* decisions in support of the uncontroverted rule that we will not decide issues raised on motion or objection when the trial court has not ruled. *See Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999); *Vanderpool v. Fidelity & Cas. Ins. Co.*, 327 Ark. 407, 939 S.W.2d 280 (1997). That rule is not the issue in this case. The issue here, as in *McMahan*, is whether the judge *effectively* ruled on the venue motion by his actions in beginning the trial. It is obvious that he did.[1]

I would hear this case on the merits, and, for that reason, I respectfully dissent.

HANNAH, J., joins.

---

[1] The majority opinion contains one paragraph about lack of specificity in the appellant's venue objection. Specificity of the objection was not raised or contested by the parties before the trial court or in this appeal. The sole contention is the question of whether a ruling was obtained from the circuit judge.